[18019. Department One.—April 25, 1893.] <span>98 189</span><br>118 138

# STOCKTON SAVINGS BANK, RESPONDENT, *v.* D. J. STAPLES AND WIFE, APPELLANTS.

APPEAL—REVIEW OF CONFLICTING EVIDENCE—PREPONDERANCE.—Although the preponderance of evidence may appear to be against a finding of the lower court, such finding will not be disturbed upon appeal, where there is sufficient evidence, positive and circumstantial, to raise a substantial conflict upon the issue to which the finding relates.

HUSBAND AND WIFE—SEPARATE PROPERTY—RECITAL IN DEED OF WIFE—ESTOPPEL OF HUSBAND—PRESUMPTION.—Where the deed from a wife to her grantee recites that the property conveyed by her was her separate estate, and that the consideration paid by her for the conveyance of the same property to her was her separate property and estate, and her husband signs such deed as a witness, with knowledge of such recitals, without disputing the same, he is estopped from denying their truth to the prejudice of the title of the wife's grantee; and, in the absence of proof to the contrary, it must be presumed that the husband did know the contents of the deed, and thereafter acquiesced in the conveyance, and that any title of the husband *prima facie* passed to the grantee by the estoppel.

ID.—OVERCOMING PRIMA 'FACIE ESTOPPEL—COMMUNITY PROPERTY—QUIETING TITLE—ADVERSE POSSESSION.—The possibility that a *prima facie* case of estoppel of the husband to claim the property as community property may be overcome by facts not disclosed in the record, cannot avail the defendants in an action to quiet title, where it appears that the plaintiff was in possession of the property at the commencement of the action, and that the defendants had lost their title by adverse possession prior to the deed of the wife to the plaintiff; and it is immaterial in such case whether the wife's deed passed title to the plaintiff or not.

CORPORATION—DEED—POWER TO HOLD REAL ESTATE—PRESUMPTION.—When a deed is made to a corporation, and there is no evidence to show for what purpose the corporation had been organized, or what business it was conducting, it must be presumed, as against third parties, that the corporation had power to purchase and hold the land conveyed by the deed.

ACTIONS TO QUIET TITLE—EVIDENCE—ADVERSE POSSESSION BY CO-TENANT—DECLARATION OF POSSESSOR.—In an action to quiet title to land claimed by adverse possession, as against a tenant-in-common, declarations of a co-tenant while in actual possession, that he claimed to be the sole owner of the land, are admissible in favor of his grantee of the entire premises as tending in some degree to show the character of his possession.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion.

*Arthur Rodgers,* and *John E. Budd,* for Appellants.

*Louttit, Woods & Levinsky,* for Respondent.

VANCLIEF, C. — Action to quiet title to an undivided half of a quarter section of land situate in the county of San Joaquin. The judgment was in favor of the plaintiff, and defendants have appealed therefrom and from an order denying their motion for a new trial.

Robert Coffee, who is admitted to have been the source of title, conveyed an undivided half of the quarter section to the defendant, Mary P. Staples, in March, 1870; and it is not disputed that she remained a tenant in common with him until the second day of June, 1875, at which time it is claimed by plaintiff that he ousted her, and thence maintained a continuous adverse possession of her interest until September 11, 1888, when he conveyed the whole quarter section to Alice L. Hudson, who continued the adverse possession until September 20, 1890, when she conveyed the entire quarter section to the plaintiff.

This action was commenced October 15, 1890. The court found all the essential elements of a continuous adverse possession by Robert Coffee, Alice L. Hudson, and plaintiff, except notice to Mary P. Staples of its hostile character, from June 2, 1875, until the commencement of this action; and further found, substantially, that Mary P. Staples had actual notice of the adverse and hostile character of such possession from 1884 until the commencement of this action. Thus it appears that the title upon which plaintiff recovered was found to have been acquired by prescription.

1. Counsel for appellants contend with considerable force and plausibility that the findings as to adverse possession are not justified by the evidence; and if it were merely a question of preponderance of the evidence, I should be inclined to agree with them; but after a careful examination, I think there is sufficient evidence, positive and circumstantial, substantially

tending to support those findings to bring the case within the rule that where there is a substantial conflict of evidence, a finding upon the issue to which it relates should not be set aside.

2. It appears that at the date of the deed from Coffee to Mrs. Hudson she was a married woman, and that the consideration for that deed was her promise to support Coffee during the remainder of his life. It does not appear, however, that this consideration was expressed in the deed from Coffee to Mrs. Hudson, as no copy of any part of that deed appears in the record. The consideration was proved on the trial by the testimony of Mrs. Hudson, who testified that an oral agreement for the deed and the consideration therefor had been made about the time of her marriage. Upon this showing it is claimed for appellants that the land must be presumed to have been community property, which could not have been conveyed to the plaintiff by the wife, and therefore that her deed to plaintiff conveyed no title. But it further appears that the deed from Mrs. Hudson to plaintiff was signed by her husband as a witness to her execution of it, and that the deed contained the following recitals: —

"The right, title, and interest hereby conveyed, being the separate property and estate of the said party of the first part (the wife), the same having been by her acquired by deed dated September 11, 1888, made, executed, acknowledged and delivered by Robert Coffee to said party of the first part, the consideration paid for the said deed . . . . being then and there the separate property and estate of the said party of the first part."

The facts thus recited in the deed, if true, show that the land was the separate property of the wife; and if the husband when he signed the deed as a witness knew its contents and did not then dispute nor object to those recitals, he would be estopped from denying their truth to the prejudice of plaintiff's title (Bigelow on Estoppel, p. 533); and as against the defendants for all purposes of this case, it must be presumed, in the absence of evidence to the contrary, that he did know the contents of the deed when he signed it, and that he has ever since acquiesced in the conveyance. *Prima facie*, therefore, whatever title the husband had passed to plaintiff by the estoppel. The

plaintiff was in possession of the land before and at the time of the commencement of this action. The possibility that this *prima facie* case may be overcome by facts not disclosed by the record in this case can be of no avail to the defendants in any event, since it appears that they have lost their title, whether the plaintiff has acquired it or not; the term of five years' adverse possession having expired before the date of Mrs. Hudson's deed to plaintiff.

3. Appellants contend that the court erred in overruling their objections to the introduction in evidence of the deed from Mrs. Hudson to plaintiff. The ground of the objection was that the plaintiff " was not shown to have the power to purchase, hold, or receive said land, nor that said land was conveyed to it for any of the purposes of the corporation." There was no evidence to show for what purpose the corporation had been organized, or what business it was conducting. The court found according to the allegation of the complaint, not denied in the answer, that at all the times stated the plaintiff " was a corporation duly organized and incorporated under and by virtue of the laws of the state of California, and having its office and principal place of business in the city of Stockton, county of San Joaquin, state of California."

Under these circumstances I think it must be presumed (as against the defendants, at least) that the corporation had power to purchase and hold the land. (*Natoma Water & M. Co.* v. *Clarkin*, 14 Cal. 145; *Evans* v. *Bailey*, 66 Cal. 112; *Hagar* v. *Board of Supervisors*, 47 Cal. 222; *People* v. *La Rue*, 67 Cal. 526; Spelling on Private Corporation, secs. 203, 206.) It does not appear under what statute or for what purpose the plaintiff was incorporated, nor what business it was engaged in, nor for what purpose the property was purchased or used. In answer to a similar objection in *People* v. *La Rue*, 67 Cal. 526, it was said : " If there was anything in its charter or the business in which it was engaged, or in the law under which it was organized, in any manner abridging its right to hold land, it does not appear of record, hence we deem the objection untenable."

4. It is contended that the court erred in admitting evidence of the declarations of Coffee while in possession, that he claimed to be the sole owner of the land.

That Coffee was in the actual possession and the sole occupant of the land, during the whole term of his alleged adverse possession, was admitted by the defendants at the trial, and the questions contested related only to the character of his possession, namely, did he intend and claim it to be adverse, and did the defendants have notice that it was so intended and claimed?

I think the declarations admitted tended in some degree to show the character of his possession, and for that purpose were admissible. (*Cannon* v. *Stockman*, 36 Cal. 536; 95 Am. Dec. 205; *Lick* v. *Diaz*, 44 Cal. 479.)

I think the order and judgment should be affirmed.

BELCHER, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J.

Hearing in Bank denied.