[No. 1264. Decided June 13, 1894.]

GEORGE L. RAYMOND *et ux.*, *Appellants*, v. LEVI MORRISON *et al.*, *Respondents*.

EJECTMENT — PARTIES — PLEADING — LIMITATION OF ACTION.

The tenant in possession is the only necessary party defendant in an action of ejectment; and, although he may set up that there are tenants in common with him and ask that they be made parties, the plaintiff cannot be compelled to bring them in.

Although Code 1881, § 760, provides that "no right accrued is affected" by the provisions of that code, such enactment cannot be interpreted as preserving the right to bring actions for the possession of real estate to a period of twenty years after the right of action accrues, as was provided prior to the enactment of the code, when the code has reduced the period of limitation from twenty to ten years.

Judgment on the pleadings, in an action of ejectment, is erroneous, when grounded on plaintiff's failure to reply to an allegation of the answer "that neither the plaintiffs nor either of them, nor the ancestors or predecessors of either, have been seized or possessed of the premises in question, or any part or parcel thereof, within ten years next preceding the said filing," as, when the complaint has alleged that plaintiffs were so seized on a certain day, such allegation of the answer is equivalent merely to a denial of the corresponding allegation of the complaint.

*Appeal from Superior Court, Thurston County.*

*M. L. Baer,* for appellants.

*Allen & Moore,* for respondents.

The opinion of the court was delivered by

STILES, J. — To a complaint in ejectment the defendants set up in their answer that they were tenants in common, in sole possession of the land in controversy, with the devisees of Joseph Y. Pomeroy, and prayed that the plaintiffs be required to make the executor and devisees of Pomeroy parties defendant, and that the action be stayed until this should be done. The court held that Pomeroy's devisees were necessary and proper parties to the action, and required the plaintiffs to bring them in, which was done over the objection of the plaintiffs.

While this matter will probably only affect the question of costs, we think the plaintiffs have a right to a correct ruling upon the point. Code Proc., § 529, provides that an action for the possession of real property may be brought against the tenant in possession; and § 530 provides how a landlord may be brought in. This last section is the only one we have which changes the common law rule which required only the tenant in possession to be made a party defendant. The object of this action being to obtain the possession alone, there was no necessity for making the other tenants in common parties hereto. Sec. 529 is a statutory exception to the rule prescribed in § 143.

The second point made is upon the statute of limitations. This action was brought in 1892, and one of the defenses is adverse possession for a period of sixteen years prior to the date. The appellants maintain that the statute of limitations prescribing ten years within which an action for the possession of real estate must be brought, found in the Code of 1881, has no application to this action, because of the language of § 760 of that code. Prior to the enactment of the Code of 1881 the period of limitation of actions for the possession of real estate was twenty years, but by § 26 of that code the time was reduced to ten years. Sec. 760, however, provided as follows:

"No action or proceeding commenced before this code takes effect, and *no right accrued*, is affected by its provisions; but the proceedings therein must conform to the requirements of this code as far as applicable."

It was held in *Baer v. Choir*, 7 Wash. 631 (32 Pac. 776), that an action commenced within ten years after that date was in time, although the full period since the right of action accrued to the time of the commencement of the action was more than ten years. The present contention is that, notwithstanding the reduced period, the effect of § 760 was to preserve the right to commence an action within twenty years from the time the right of action accrued. It is clear, both upon general principles of right and by the uniform adjudications of courts, that the effect of § 760 would be to preserve everything that could be termed a right accrued. The right to bring an action at all was undoubtedly saved.

Changes in a statute of limitation are universally held not to have the effect to destroy the right of action unless the legislative language in the most positive terms has that effect. Therefore, courts have held that in all such cases a reasonable time, at least, will be allowed for the commencement of an action, notwithstanding the apparent

provisions of the new statute.   But inasmuch as it is also
a universal rule that the time within which an action may
be brought is a part of the remedy merely, it is our opin-
ion that the "right accrued," which § 760 provided should
not be affected, meant the right to maintain an action and
not the right to maintain it within any specified period.
We hold, therefore, that while the plaintiff could have
brought his action at any time within a period of ten
years from the adoption of the Code of 1881, if it shall
turn out to be a fact in this case that the respondents have
been in possession of the land in dispute for the period of
sixteen years before the commencement of the action, that
possession will be a bar to the plaintiff's proceeding.

The next question is one of practice purely, and will
necessitate the reversal of the judgment, although the de-
cision upon the question of the statute of limitations may
ultimately decide the merits of the case against the appel-
lants.   The answer of the defendants contained the follow-
ing, among other affirmative defenses:

"1.  That they [defendants] are the owners in fee and
are lawfully seized and possessed of the tract of land
described in the complaint.

"2.  For further defense, defendants say that they and
their grantors hold and have held and possessed said land
actually, openly, notoriously, continuously and adversely,
under color and claim of right and ownership in fee for
sixteen years last past, and for more than ten years prior
to the filing of this action, and that neither the plaintiffs
nor either of them, nor the ancestors or predecessors of
either, have been seized or possessed of the premises in
question, or any part or parcel thereof, within ten years
next preceding the said filing."

The reply specifically denies each and every allegation
of the first defense, and continues as follows:

"2.  That they [plaintiffs] deny that defendants have
been in possession of said land in dispute under color of

title, claim of right or ownership in fee, as set forth in paragraph 2 of said affirmative defense.''

Upon this reply the court sustained a motion for judgment on the pleadings upon the ground that the second denial, while it placed in issue an allegation that the *defendants* had been in possession, etc., as set forth in paragraph 2 of the affirmative defense, did not deny that defendants and their grantors had so held. Appellants make the point that it was error to render judgment on the pleadings in such a case. The cause being an action in ejectment at common law, it would not have been necessary for the defendants to plead anything beyond the general denial to have entitled them to put in evidence any title which either they or any third person might have which would serve to defeat the plaintiffs' right to recover the possession. But under our statute, Code Proc., § 532, it is made necessary to a defendant's making proof of title in himself or another, that he plead the same in his answer. Therefore, but for the statute, no reply to the allegations of the answer set forth would have been necessary, since other portions of the answer specifically deny all the allegations of the complaint. The section mentioned provides that if the defense of title in himself or another be set up by the defendant, the nature and duration of such estate or license or right to the possession should be set forth with the certainty and particularity required in a complaint. Now, in this case, the first paragraph of the affirmative defense sets forth that the defendants are the owners in fee and are lawfully seized and possessed of the tract of land described in the complaint. The statement contained in this paragraph was a full compliance with the requirements of § 532; for, supposing the defendants had been the plaintiffs in an action affecting this land, it would only have been necessary for them to allege that they were the owners in fee and lawfully seized and possessed of it in

order to state a good title in themselves. They could then
have proved, upon the trial, that their title was based upon
an adverse possession maintained for the requisite period,
since such possession is now generally held to confer upon
the possessor the absolute legal title in fee of the estate.
3 Wash., Real Prop. (5th ed.), p. 501; *School District v.
Benson*, 31 Me. 384; *Nelson v. Brodhack*, 44 Mo. 596;
Bliss, Code Pl., § 356; *Sharon v. Tucker*, 144 U. S. 533
(12 Sup. Ct. 720).

It will be noticed that the reply denied each and every
allegation of the first paragraph of the defense, and there-
fore the material issue was joined. The first part of the
second paragraph was a mere statement of the evidence
upon which the claim of ownership was based. *Fitch v.
Cornell*, 1 Sawy. 156; *Wythe v. Myers*, 3 Sawy. 595.

But it is also urged that there was no denial at all of the
last portion of the second paragraph relating to the seizure
and possession of the plaintiff within ten years next pre-
ceding the commencement of the action; but that portion
of the defense amounted to nothing more than a denial of
the allegation of the second paragraph of the complaint
that the plaintiffs were seized in fee and possessed and en-
titled to the possession of the land. Our statute of limita-
tions expressly provides that no action shall be maintained
for the recovery of real property or the possession thereof
unless it appear that the plaintiff, his ancestor, predecessor
or grantor, was seized or possessed of the premises in ques-
tion within ten years before the commencement of the ac-
tion. The second paragraph of the complaint alleged that
the plaintiffs were so seized on the fourth day of November,
1890, which responded to the requirement of the statute,
and the burden was upon the plaintiffs to show that they
were either seized or possessed of the land within ten
years. Therefore, when the defendants set forth in the
language used in the second paragraph, that the plaintiffs

11 — 9 WASH.

were not so seized, they merely denied an allegation of the complaint.

The judgment will be reversed, and the cause remanded.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J., dissents.