[No. 1784.   Decided November 20, 1895.]

E. R. ROGERS et al., Respondents, v. FRED. C. MILLER,
Appellant.

QUIETING TITLE—ADVERSE POSSESSION — PLEADING AND PROOF — SUF-
FICIENCY OF DESCRIPTION IN MORTGAGE — DECREE OF FORECLOSURE
—COLLATERAL ATTACK—PRESUMPTION AS TO SUMMONS—REOPENING
CASE.

Proof of title acquired by adverse possession under color of title
is admissible under an allegation of ownership in fee, in an action
to quiet title.

A mortgage by a land claimant under the donation act of con-
gress of all his land claim, upon which he had settled prior to sur-
vey, is sufficient to pass title to his claim as afterward located by
subsequent survey, although the descriptions thereof in the mort-
gage and the government patent do not correspond.

As against collateral attack upon the ground that a summons was
insufficient to give a court jurisdiction, it will be presumed in aid
of a decree, which recites that service of the complaint and notice
had been duly made according to law, that another and sufficient
summons was issued, where there was ample time for the service of
another summons after completion of the publication of the first.

It is not an abuse of the discretionary powers of a trial court to
reopen a case after its submission and receive further testimony,
when due notice is given to the complaining party.

Appeal from Superior Court, Pierce County — Hon.
JOHN C. STALLCUP, Judge.   Affirmed.

Ira A. Town, and W. W. Likens, for appellant.
Sharpstein & Blattner, for respondents.

The opinion of the court was delivered by

GORDON, J.—This appeal is from a decree of the
superior court of Pierce county, quieting respondents'
title to certain real property. It appears from the
record that some time in 1850 William B. Wilton
settled upon the premises in dispute under the act of

congress of September 27, 1850, known as the Donation Act. On April 7, 1855, he filed his notification. On May 29, 1869, he submitted his final proof to the register and receiver of the United States land office at Olympia, which proof was accepted by them and certificate for patent duly issued. On August 27, 1871, a patent for said land was issued. On January 9, 1860, after the expiration of the period of residence required by the donation act, Wilton and wife mortgaged the premises to S. McCaw and respondent Rogers to secure the payment of $601 due on January 1, 1862. Thereafter proceedings were instituted in the district court of the third judicial district of Washington Territory, and on the 25th day of May, 1866, a decree of foreclosure was duly made and entered therein. Pursuant to said decree said mortgaged premises were sold, said mortgagees becoming the purchasers at said sale, which sale was thereafter confirmed by an order of said court, and a deed to said premises duly executed by the sheriff. Subsequently respondent Littlejohn succeeded to all of the interest of said McCaw in said premises. It further appears that some time in 1861 or 1862 said Wilton removed from the Territory of Washington to Mexico; that thereafter his whereabouts was unknown to his former friends and acquaintances, who believed him dead. On the 18th of August, 1890, said Wilton conveyed said premises to the appellant Miller.

The lower court found that the respondents "are now and for a period of more than twenty years preceding the commencement of this action had been in the possession" of the premises in question, and that they "are the owners in fee each of an undivided one-half of said premises. That the claim of the defendant [appellant] to said premises is without any right

whatever, and the said defendant [appellant] has neither estate, right, title nor interest whatever in said land or any part thereof."

The appellant contends that respondents did not plead adverse possession under color of title, and that the lower court erred in permitting any evidence thereof to be given. This contention we think is unfounded. The allegation of ownership in fee entitled the respondents to introduce proof of any title including that acquired by adverse possession. Such was the holding of this court in *Raymond v. Morrison*, 9 Wash. 156 (37 Pac. 318), where it was said:

"It would only have been necessary for them to allege that they were the owners in fee and lawfully seized and possessed of it in order to state a good title in themselves. They could then have proved, upon the trial, that their title was based upon an adverse possession maintained for the requisite period, since such possession is now generally held to confer upon the possessor the absolute legal title in fee of the estate."

The evidence of adverse possession was competent and sufficient. It is undisputed that for twenty-five years last past the respondents regularly listed said land for taxation; that it has, during all of said time been assessed to them, and the taxes thereon have for said entire period been paid by them; that they continually and without interruption exercised the usual acts of ownership, selling timber to different persons and refusing to permit others to take timber therefrom, and suffering parties to go upon the land and refusing to extend like privileges to others, and for a portion of the time the property had been in the actual possession of their agent. We have examined the evidence submitted below and think it amply sufficient to sustain the finding of the lower court in this

regard, and that the case made by the evidence is much stronger than that presented by the record in *Bellingham Bay Land Co. v. Dibble,* 4 Wash. 764 (31 Pac. 30), which was there held sufficient.

*Second.* The description of the premises in the notification filed by Wilton in 1855 conflicts with the description given in the mortgage to McCaw and Rogers, heretofore mentioned, and the description contained in the certificate and patent also conflicts with both the description in the mortgage and notification; and it is contended by the appellant that the mortgage does not cover any of the premises described in the notification, excepting only ten acres. He further contends that if this was due to a mistake in describing the premises in the mortgage, the latter should have been reformed prior to foreclosure, and that a deed founded upon such false and erroneous description is wholly insufficient to give color of title. From the proof it satisfactorily appears that Wilton entered but one piece of land under said donation act; and had but one "land claim;" that his settlement thereon was made prior to the survey. In said mortgage the premises are described as "all of that certain parcel or quarter section of land known as *Wilton's Land Claim,* situated on what is known as The Narrows, at the entrance of Puget Sound, south and east side marked and bounded," etc. (then follows a more particular description.) The act of congress in question authorized the claimant, after the surveys were extended, to make his claim conform as nearly as practicable to legal subdivisions. What he undertook to mortgage, and did mortgage, was his "land claim," and the mere fact that a subsequent survey disclosed that the particular description of such "land claim" contained in the mortgage was, in fact, erro-

neous, cannot avail the appellant. *Vallejo Land Ass'n. v. Viera*, 48 Cal. 572; *Kernan v. Baham*, 45 La. An. 799 (13 South. 155).

*Third.* Appellant also insists that the decree of the district court foreclosing said mortgage was and is void for want of jurisdiction, because the notice or summons issued to defendant in said cause was not in the form required by law, in this, that the time provided in said summons for the appearance of said defendant was therein stated to be three months after September 25, 1865, instead of two months, and that the words of the statute, "which will come on to be heard at the first term of the court," are not contained in said notice or summons. For a better understanding of this objection it may be stated that all of the files in the foreclosure suit are lost and none of them were produced upon the trial of this cause below. Secondary evidence as to certain of the proceedings taken in said foreclosure action was offered and received.

We deem it unnecessary to determine whether a summons of the character so shown to have been issued in said cause was *legally sufficient*, in view of other considerations which seem to us of controlling importance, viz., (1) the decree itself recites that it appeared to the court therein that "service of the complaint and notice had been duly made according to law;" and (2) assuming (without deciding) that the summons in question was legally insufficient, there nevertheless was ample time after the completion of the publication of such summons, for another and entirely sufficient summons to have been issued and served, and in the absence from the record of any such summons or evidence concerning it, this court would

presume, in aid of the decree and as against collateral attack, that such was the fact.

"Every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it." *Munch v. McLaren,* 9 Wash. 676 (38 Pac. 205).

The court rendering the decree of foreclosure was a court of general jurisdiction having jurisdiction of the subject matter, and it became a question for it to determine the sufficiency of the service of summons in said case. That question, as we have seen, it did determine, and the decree expresses such determination, viz., that service of the complaint and notice had been duly made according to law.

"There having been time for another summons and for a valid service of the same, they will be presumed, in the case of such a finding." *Mulvey v. Gibbons,* 87 Ill. 367; *Miller v. Handy,* 40 Ill. 448; *Lyle v. Horstman,* 25 S. W. 802.

The finding of the court "that service of the complaint and notice had been duly made according to law," is not contradicted by merely showing that a summons which was legally insufficient had in fact been published.

"As much reliance ought to be placed on the finding of a court as respects its jurisdiction, as to other facts in the case, unless contradicted by the record itself — otherwise opportunity might be afforded in many instances, by the destruction of the files by parties interested, or by mere accident, to defeat sales made in the utmost good faith. . . . It is conceded the summons to the July term of the county court was without authority of law, and that service upon it would have given the court no jurisdiction over the person of the defendant. But between that term and the convening of the court for the August

term there was ample time in which another summons might have been issued and served. It must have so appeared to the court, for it solemnly found defendant 'had due and legal notice' of the filing of the petition, from the return of the sheriff on the summons. There is nothing to show the court acted on the void summons to the July term of the court. The presumption is the court knew that summons was void, as having been issued contrary to the provisions of the statute, and that service of it by the sheriff did not give the defendant 'due and legal notice' of the filing of the petition. How, then, did the court find it had jurisdiction of the person of the defendant? It must have been from a summons issued to the August term, upon which there was the proper return of service by the sheriff, otherwise its finding on the question of jurisdiction would be absolutely untrue. All reasonable presumptions are in favor of the jurisdiction of the court, and the law will presume *prima facie*, at least, from the finding of the court, that such was the fact that such summons, with the proper return on it, was before the court, and may have been abstracted or lost from the files." *Matthews v. Hoff*, 113 Ill. 90.

*Fourth.* It appears that after this cause had been submitted to the court below upon the proofs and arguments of counsel, the court reopened the cause and received further testimony upon behalf of plaintiffs. This testimony was taken only after due notice to the appellant. We think under the circumstances that the course pursued was not an abuse of the discretionary powers of the trial court, and we have failed to find anything in the testimony so taken that could be considered as affecting the rights of parties.

Other points of error presented by appellant's brief have been examined, but we consider none of them of sufficient importance to warrant a reversal of the decree, which will be affirmed.

ANDERS, SCOTT and DUNBAR, JJ., concur.

HOYT, C. J.—I concur in the result, but not in what is said as to adverse possession.