[S. F. No. 1725. Department One.—October 6, 1900.]

## J. W. LUCAS, Appellant, v. E. A. PROVINES et al., Respondents.

BOUNDARY BETWEEN ADJACENT LOTS—ADVERSE POSSESSION OF STRIP—FENCE—PRESCRIPTIVE TITLE.—In an action involving the ownership of a strip of land, depending upon a question of boundary between adjacent city lots, evidence showing that the defendant in 1863, immediately upon purchase of one of the lots, entered upon and took possession of the strip in controversy by the erection of a division fence which included it, under the belief that the strip was part of the purchased lot, and maintained such fence continuously thereafter, and that the plaintiff never had possession of the strip, though claiming it by conveyance

of the adjoining lot, is sufficient to support findings and judgment for the defendant, based upon adverse possession and a prescriptive title to the strip.

ID.—PAYMENT OF TAXES NOT INVOLVED.—Where a prescriptive title by adverse possession was complete prior to 1878, the amendment of that year to section 325 of the Code of Civil Procedure making payment of taxes an element of adverse possession has no application.

APPEAL—DEATH OF RESPONDENT AFTER SUBMISSION—JUDGMENT NUNC PRO TUNC.—Where a respondent dies after the submission of the cause, an affirmance of the judgment will be entered *nunc pro tunc* as of a date prior to the death.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.     J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Robert Ash, for Appellant.

Boyd & Fifield, for Respondents.

HARRISON, J.—The question involved in this appeal is the ownership of a strip of land in San Francisco, on the northerly line of Washington street, commencing one hundred and twenty-five feet west of Taylor, and having a frontage of two and a half feet upon Washington street, with a depth of sixty feet, being a portion of fifty-vara lot No. 817. Judgment was rendered in favor of the defendants, and the plaintiff has appealed.

Upon the easterly line of the strip of land there is a brick building running back from Washington street about thirty feet, which was erected in the year 1860, and from the northwest corner of this building a fence was built at the same time to the northerly end of the strip. Since 1856 the respondent E. A. Provines has been the owner and in the occupation of the eastern portion of fifty-vara lot No. 834, which lies directly west of and adjoining fifty-vara lot No. 817. In November, 1863, she became the owner of the westerly ten feet of fifty-vara lot No. 817, running back from Washington street ninety-eight feet. At that time there was no fence or mark of division between the lot so purchased by her and the easterly line of the above strip of land claimed by the appellant, and immediately upon

her purchase she entered upon and took possession of the whole intervening space, under the belief that it was included within her purchase, and she has since that time claimed and occupied the same as her own. In March, 1891, a conveyance was made to the appellant of a lot of land on Washington street, which included the strip in controversy; but he testified at the trial that he had never been in the possession or occupation of any part of the strip of land claimed by him.

This evidence fully sustains the finding of the court that the defendant E. A. Provines is the owner of the land in controversy, and that the plaintiff has no right, title, or interest therein. As this possession of the defendant commenced in 1863, and has been continuous since that date, her title to the land by adverse possession was complete prior to 1878, and the amendment to section 325 of the Code of Civil Procedure, making the payment of taxes an element of adverse possession, has no application. (*Webber v. Clarke*, 74 Cal. 11; *Woodward v. Faris*, 109 Cal. 12.)

The judgment and order are affirmed, and, the respondent E. A. Provines having died since the submission of the appeal, the judgment of affirmance will be entered as of September 1, 1900, *nunc pro tunc*.

Garoutte, J., and Van Dyke, J., concurred.