[No. 6303. Decided November 9, 1906.]

WALTER M. FRENCH, *Respondent*, v. AJAX OIL & DEVELOPMENT COMPANY, *Appellant*.[1]

PROCESS—SUMMONS—PROOF OF SERVICE—AFFIDAVIT—SUFFICIENCY. Proof of service of summons by affidavit must show that the person making the service was twenty-one years of age at the time the service was made, and proof that he was of age when the affidavit was made is insufficient.

APPEARANCE—SPECIAL TO OBJECT TO SERVICE—OBJECTIONS WAIVED. Want of service of process, objected to by special appearance, is cured by a subsequent appearance to move to vacate a default judgment and for leave to answer on the merits.

JUDGMENTS—DEFAULT—VACATION—DIRECT ATTACK—EFFECT OF RECITALS AS TO DUE SERVICE. The recitals of due service contained in a default judgment is not conclusive upon a direct attack by appeal from the judgment, on overruling an objection to the jurisdiction and motion to vacate the default.

RECEIVERS—APPOINTMENT—WANT OF JURISDICTION. The appointment of a receiver based upon a judgment entered without jurisdiction is also without jurisdiction.

Appeal from an order of the superior court for King county, Griffin, J., entered March 31, 1906, in favor of the plaintiff, upon overruling the defendant's motions to vacate a judgment of default and to grant leave to file an answer. Reversed.

[1]Reported in 87 Pac. 359.

*W. F. Hays* and *Fred Page-Tustin*, for appellant.

*Allen & French*, for respondent.

DUNBAR, J.—This action was brought by the respondent, to recover a certain sum of money and for the appointment of a receiver. A default was taken against the appellant, and thereafter, at the instance of respondent, upon affidavit, a receiver was appointed without any notice to appellant. Thereupon appellant, specially appearing, filed its motion to quash the summons and to set aside the default, upon the ground that the court had no jurisdiction of the person of the appellant, which motion was by the court overruled. Thereafter appellant specially appeared, asking the court to open and vacate the judgment of default and grant leave to appellant to file its submitted answer and defense to the merits, which motion was by the court overruled. From the action of the court in overruling these motions, this appeal is taken.

The proof of service in this case is as follows:

"Clay Allen, being first duly sworn, upon his oath, deposes and says, that he is a citizen of the United States and of the state of Washington; that he is more than twenty-one years of age, is not the plaintiff in the above entitled action nor a party in interest therein, and that he is competent to be a witness in the above entitled case; that on Saturday, December 2, 1905, he served a true copy of the summons and complaint in the above entitled action on the defendant therein," etc.,

which return was signed and sworn to. The statute provides, Bal. Code, § 4874 (P. C. § 331), that in all cases except when service is made by publication, the summons shall be served by the sheriff of the county wherein service is made, or by his deputy, or by any person over twenty-one years of age who is competent to be a witness in the action, other than the plaintiff. It is the contention of the appellant that due service was not made in this case, for the reason that it does not appear from the affidavit of Allen that he

was twenty-one years old at the time the service was made, the affidavit going only to the extent that he was twenty-one years old at the time he made his affidavit, viz., on the 27th day of December, 1905, the service having been made on December 2, 1905. Technical as this may appear, this objection is sustained by authority, and literally there is no proof or showing that the summons was served by a person who was competent under the law to serve it.

It is contended, however, by the respondent that, conceding the summons to have been insufficient, such want of service was cured by the appearance of the appellant in the case in moving to vacate judgment, and asking to file an answer upon the merits. The record shows that the appearance, so far as moving to set aside the default judgment was concerned, was a special appearance without any question; and while the appellant is bound by his general appearance in any order of the court made subsequent to such general appearance, it does not bind him as to orders or judgments of the court made without jurisdiction before his appearance.

It is also contended that the recital of the court would be deemed conclusive upon this court, that due and proper service of the summons and complaint was made, and many cases from this court are cited to sustain that doctrine. An examination of the cases, however, will show that there is a distinction between collateral attacks on judgments, and judgments that are contested by appeal. The original case upon which most of the cases in this court are based was *Rogers v. Miller*, 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20, where the rule was laid down emphatically that, as against collateral attack upon the ground that a summons was insufficient to give the court jurisdiction, it would be presumed, in aid of a decree which recites that service of the complaint and notice had been duly made according to the law, that another and sufficient summons was issued, where there was ample time for the service of another summons

after the completion of the publication of the first.   That
was a collateral attack upon a judgment many years after
it had been rendered, while this is an appeal from a judgment
promptly prosecuted as soon as it was known that the default
judgment had been entered.

The case of *Rogers v. Miller, supra,* and the cases upon
which it is based and which have followed it, went upon the
theory, which was a plausible one, that the recital by the
court that due and sufficient notice had been given was con-
clusive of the question of jurisdiction, in the absence of an
affirmative showing to the contrary by the record itself, and
that it might well occur that, although the summons which
was attacked was insufficient, if sufficient time had elapsed
for the service of another and correct summons, the service
of such summons would be presumed, and that it would be
wrong to allow judgment of long standing to be destroyed
by opportunities which might be presented to defendants to
abstract from the records the proper proof of service and
leave only as evidence the insufficient proof.   But in this
case, in addition to the fact that the court does not certify a
due and legal service, but certifies only that the defendant
was served personally with a true copy of the summons and
complaint, and the further fact that the service of the sum-
mons fails to show a want of due service, we think it must
be held that the default judgment was entered without juris-
diction.

The appointment of the receiver, having been based upon
the default judgment, was also without jurisdiction, and
must therefore be vacated.   The appellant, however, having
generally appeared in the action, must be held to be in court
for the purposes of any subsequent action on the part of
the court.   *Woodham v. Anderson,* 32 Wash. 500, 73 Pac.
536; *Bennett v. Supreme Tent etc. Maccabees,* 40 Wash.
431, 82 Pac. 744.

The appellant will, therefore, be allowed to file its answer,
and the cause will be remanded with instructions to vacate

the default judgment, and to proceed with the case upon its merits. On the merits of the case we express no opinion.

MOUNT, C. J., RUDKIN, ROOT, and CROW, JJ., concur.

FULLERTON and HADLEY, JJ., took no part.