[No. 6733.   Decided February 19, 1908.]

SPOKANE INTERURBAN RAILWAY COMPANY, *Respondent*, v. EDWARD CONNELLY, *Appellant*.[1]

EMINENT DOMAIN—PROCEEDINGS—NOTICE—PROOF OF SERVICE—PROCESS—SUPPLEMENTAL PROOF. It is discretionary on motion to quash a service of notice in condemnation proceedings for inadequate proof, to permit the filing of a supplementary affidavit showing proper service, where the first affidavit was technically insufficient in that the party making the service was shown to be twenty-one years of age when sworn, and not when the service was made, two days earlier.

SAME—JURISDICTION ON DEFECTIVE PROOF—STATUTES — CONSTRUCTION. In condemnation proceedings, Bal. Code, § 5638, providing that due proof of service of notice must be filed before or at the time of presenting the petition, does not affect the jurisdiction of the court to allow the filing of further proof of service to cure a technical defect, where the party had been actually duly served, in view of the further provision that all persons served with notice shall be bound by subsequent proceedings.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered March 23, 1907, refusing to quash service of notice and vacate a judgment of appropriation in proceedings to condemn land for a railway right of way. Affirmed.

[1]Reported in 93 Pac. 1082.

P. F. *Quinn,* for appellant.

*Hamblen, Lund & Gilbert,* for respondent.

CROW, J.—The Spokane Interurban Railway Company, a corporation, commenced this action to condemn a right of way over land of the defendant, Edward Connelly. After the entry of judgments decreeing a public use, awarding damages, and appropriating the land, the defendant appeared specially and moved the court to quash the notice and set aside the judgments, for the reason, that no proper service had been made; that no proof thereof had been filed, and that the court had not obtained jurisdiction. Thereupon the plaintiff moved for leave to file an amended or supplemental affidavit showing legal service on the defendant. The trial court overruled the defendant's motion to quash, but granted plaintiff's motion for filing a supplemental affidavit. The defendant has appealed.

It is not contended by the appellant that he had not been actually served with a copy of the original notice which was properly filed, although no proof of service was attached thereto. The decree adjudging a public use, which was entered on December 24, 1906, recited that personal service of the notice and a copy of the petition had been made on the appellant in Spokane county, as required by law, and on January 19, 1907, the final decree of appropriation was entered. The appellant's motion to quash was made February 9, 1907, and on February 14, 1907, the following proof of service was filed:

"R. H. Macartney, being first duly sworn upon oath, deposes and says that he is a citizen of the United States, over the age of twenty-one years, competent to be a witness in the above entitled action, and is not interested therein; that on the 14th day of December, 1906, he served the petition and notice in the above entitled action upon Edward Connelly, the above named defendant, by delivering to and leaving with the said defendant in Spokane county, Washington, a true

and correct copy of the original petition and notice in said cause."

This affidavit was made December 16, 1906, and fixes the date of service as December 14, 1906. Appellant now contends the service was void, citing *French v. Ajax Oil & Development Co.*, 44 Wash. 305, 87 Pac. 359. In that case we said:

"It is the contention of the appellant that due service was not made in this case, for the reason that it does not appear from the affidavit of Allen that he was twenty-one years old at the time the service was made, the affidavit going only to the extent that he was twenty-one years old at the time he made his affidavit, viz., on the 27th day of December, 1905, the service having been made on December 2, 1905. Technical as this may appear, this objection is sustained by authority, and literally there is no proof or showing that the summons was served by a person who was competent under the law to serve it."

The objection certainly is a technical one. The vital question is whether personal service was actually made by a qualified person, and not whether an affidavit was filed making proof thereof in strict compliance with the statute. The respondent in this case supplemented the record with an affidavit showing that Mr. Macartney was over twenty-one years of age when he made the service, and the trial court properly exercised its discretion in permitting respondent to file such supplemental proof.

In *State ex rel. Thomas v. Superior Court*, 42 Wash. 521, 85 Pac. 256, a condemnation proceeding, this court, in passing on a similar objection, interposed to a proof of service, said:

"There are two affidavits making proof of service. In the first, it affirmatively appears that copies of the petition and summons were left with each of said relators. The second affidavit was made to show that the party who made the service was qualified. These two affidavits are sufficient proof of a valid service, none of their statements being denied by the relators."

Substantially the same conditions are now before us, and we hold the service and amended proof thereof sufficient. The appellant cites Bal. Code, § 5638 (P. C. § 5103), and contends that the trial court had no jurisdiction of his person or the subject-matter of the action, when the several orders and decrees were made and entered, as no proper affidavit or proof of service had then been filed. Although the section cited provides that due proof of service shall be filed with the clerk of the superior court before or at the time of the presentation of the petition, we hold that failure to make such prior filing will not deprive the court of jurisdiction where legal service has actually been made by a competent and qualified person; the provision above mentioned being directory rather than mandatory. We reach this conclusion from the language immediately following, to wit:

"Want of *service of such notice* shall render the subsequent proceedings void as to the person not served; but all persons or parties *having been served with notice* as herein provided, either by publication or otherwise, shall be bound by the subsequent proceedings."

This language clearly indicates that jurisdiction to enter valid orders and decrees depends upon actual service made, and not upon the act of filing proof of the same. If appellant had attempted to show that he had not been served, or if the respondent had thereafter failed to supplement its proof by showing that the party who made the service was qualified, there might be some merit in appellant's contentions.

The record before us shows that the trial court had jurisdiction, and the judgment is therefore affirmed.

HADLEY, C. J., MOUNT, and FULLERTON, JJ., concur.