[Civ. No. 16787.   First Dist., Div. Two.   Dec. 14, 1956.]

S. A. TURNEY et al., Respondents, v. VICTOR SOUSA, Appellant.

VICTOR SOUSA, as Administrator, etc., Appellant, v. S. A. TURNEY et al., Respondents.

W. O. Weissich for Appellant.

Freitas, Allen, McCarthy & Bettini for Respondents.

THE COURT.—These are two quiet title actions concerning the same property consolidated in the court below and decided by one judgment. Action Number 23693 was instituted by the record owners of the "K Ranch" on Tomales Bay in Marin County against Victor Sousa, a Digger Indian, hereinafter called Sousa, who occupied a portion of said ranch fronting on Tomales Bay known as Parker's Landing. Sousa filed a cross-complaint to quiet title to the portion of the ranch occupied by him, claiming title by adverse possession,

which was denied by the record owners. As it appeared that Sousa and his relatives who had been in possession before him had never paid any taxes on the property, a requirement for the establishing of adverse possession under section 325 of the Code of Civil Procedure, Sousa had himself appointed administrator of the estate of Euphrasia Felix, his great-grandmother, herein after called Euphrasia, and in that capacity instituted against the record owners of the ranch action 24814 to quiet title to the property in said Euphrasia, deceased. It was the position of the administrator that Euphrasia had obtained title by adverse possession prior to the year 1878, the year in which an amendment to section 325, *supra,* made the payment of taxes an element of adverse possession. If that were so the requirement of payment of taxes would have no application. (*Lucas* v. *Provines,* 130 Cal. 270, 272 [62 P. 509].)

At the trial the only evidence offered of the actual possession of Euphrasia during five years prior to 1878 was testimony of Sousa that his great-grandmother told him around 1914, when he was 11 and she 97 years old, that she came to Parker's Landing from San Francisco and that she lived in San Francisco when there was only one building there, and testimony by deposition of Mary Pensotti, a woman then probably 79 years old, that she knew Euphrasia at Parker's Landing when she was 12 or 14 years old and that Euphrasia told her that San Francisco, when she moved away from there, was forest and just a log house; that from San Francisco she first moved to Camp Murray and that thereafter, how long the witness did not know, she moved to Parker's Landing. The record owners objected to all this testimony as self-serving hearsay. The court admitted the testimony of Sousa subject to the objection and to being stricken if found inadmissible and subsequently ordered it stricken. The above parts of the deposition of Mary Pensotti were not admitted into evidence. The direct evidence of witnesses who had seen Euphrasia at Parker's Landing did not go back further than the late 1880's. Title was quieted in the record owners and Sousa appeals both as administrator and individually.

Appellant assigns as only error the exclusion of testimony as to statements of Euphrasia offered as proof of the alleged adverse possession. It is contended that from the stated testimony the time of the beginning of Euphrasia's possession could be inferred. There was also stricken testimony of

Sousa of statements of Euphrasia to him about fencing, improvement and cultivation of the property, which could be relevant to the adverse character of the possession but which becomes immaterial if, as we have concluded, the evidence as to the time of possession was correctly excluded.

The evidence excluded was testimony as to facts not within the own knowledge of the witness, but resting on the veracity of Euphrasia and therefore not admissible under Code of Civil Procedure, section 1845, unless it came under an express exception. As the statements of Euphrasia were offered in support of the position of Sousa, who claims under Euphrasia, and were not made in the presence of the opposing party, they were not admissible as declarations against interest or admissions.

Appellant urges correctly that declarations made by Euphrasia when she was in possession of the property, tending to explain the character of the occupation were admissible as "verbal acts." (Wigmore on Evidence, vol. VI, § 1778; *Stockton Sav. Bank* v. *Staples*, 98 Cal. 189, 193 [32 P. 936]; *Garbarino* v. *Noce*, 181 Cal. 125, 130 [183 P. 532, 6 A.L.R. 1433].) These authorities, however, show only that such verbal acts are competent to prove the *character* of possession otherwise proved or admitted. Wigmore at page 206 expressly states that they cannot be offered, "except *as coloring the occupation*," and in 2 Corpus Juris Secundum 827 it is stated that declarations of the adverse claimant are inadmissible to prove his possession. Although Sousa's testimony as to the statements of Euphrasia may have been admissible in part to prove the adverse character of the occupation, the exclusion was not prejudicial because the total failure of proof of actual possession prior to the year 1878 was at any rate fatal to appellant's position.

Appellant relies on the statement in 20 American Jurisprudence, Evidence, section 464, that "hearsay evidence of ancient possession is admissible on the ground of necessity where it is impossible to produce other testimony relevant thereto," and on *Casey's Lessee* v. *Inloes*, 1 Gill (Md.) 430 [39 Am.Dec. 658], the only authority cited in American Jurisprudence in support of the rule quoted. Although there is language in that case (39 Am.Dec. at p. 669) to the effect that in general with respect to any fact of great antiquity, resting wholly in parol, of which no written evidence can be presumed to exist, hearsay evidence is competent, the decision itself concededly relates to written hearsay concerning

possession, to wit recitals in ancient deeds and ancient surveys. (See annotations under these titles at the end of the case, 39 Am.Dec. at p. 686.) The opinion expressly notes (at p. 669) that the recitals relied on are all made by persons wholly uninterested in the truth or falsehood of the facts recited. We do not believe that the case is good authority for the general admissibility of all hearsay, irrespective of whether it is contained in ancient documents or transmitted orally and irrespective of any indication of trustworthiness, as to facts which because of their remoteness in time cannot be proved in any other way. Neither is it good authority for such rule restricted to the proof of adverse possession.

Admissibility of evidence as to adverse possession follows the general rules applicable to civil cases. (2 C.J.S. 826, Adverse Possession § 221.) Two general considerations form the key to the specific exceptions recognized to the hearsay rule and are both essential: Necessity for the evidence and circumstantial probability of trustworthiness as substitutes for cross-examination (Wigmore, *supra,* vol. V, §§ 1420-1422, especially p. 202-203). Evidently, there is an immense difference in trustworthiness between recitals in ancient documents drawn up by disinterested persons and oral statements of the interested person in possession made many years before and preserved during all those years only by the fallible memory of the witness, who even may have an interest to color his recollection. Nothing can in such case be considered a substitute for the impossibility of cross-examination of the original declarant. A rule making recitals in ancient deeds competent evidence is recognized in this state in *Garbarino* v. *Noce, supra* (181 Cal. 125, 130).

No such exception to the hearsay rule for oral testimony concerning ancient possession is known to us and certainly it is in this state not one of "those few express cases" of admissibility of hearsay referred to in Code of Civil Procedure, section 1845, *supra.*

Finally, appellant contends that the testimony as to the statements of Euphrasia relative to her possessions were admissible under the pedigree (family history) exception of Code of Civil Procedure, sections 1852, 1870, subd. 4, and 1870, subd. 11, which according to appellant does not relate only to matters of relationship, birth, marriage and death, but also to place and date of residence, citing *Estate of Strong,* 54 Cal.App.2d 604, 608 [129 P.2d 493]. The case cited by appellant clearly refutes his contention. The court at

page 609 quotes as the true rule, that declarations as to place come equally under the exception as those touching other family matters, ''where the inquiry is strictly one of pedigree, and the declarations as to place are not relied on as giving any right by reason of the place, but proof as to place is made merely by way of identification of the person or family.'' Here the declaration is solely offered as showing a right against third parties by adverse possession.

The evidence of the declarations of Euphrasia offered for the purpose of showing time of actual possession were hearsay not coming under any exception and were correctly excluded. We therefore do not need to decide whether if it had been admissible, adverse possession could as a matter of law be proved by such weak inferential evidence. There was concededly no other evidence of actual possession prior to the year 1878.

The judgment is affirmed.