[No. 7360. Decided December 26, 1908.]

## GREGORIE FRAZEE et al., Respondents, v. J. J. PIPER, Appellant.[1]

APPEAL—PRESERVATION OF GROUNDS—DEMURRER—WAIVER OF OB-
JECTIONS. A demurrer to a complaint on various grounds, submitted
without argument or affording the trial judge opportunity to pass
upon the objections, cannot be urged in the supreme court except
upon the ground that there was no jurisdiction.

INDIANS—ACTIONS—PARTIES — LEGAL CAPACITY TO SUE — EJECT-
MENT. Indians holding title to lands under a patent subject to a
restriction on alienation for a period of twenty-five years, which will
then ripen into a fee simple, have the legal capacity to maintain an
action of ejectment to recover possession of the lands, without mak-
ing the United States a party.

SAME—COURTS—JURISDICTION. The state courts have jurisdiction
of such an action.

PUBLIC LANDS—PATENTS—INDIANS—RESTRICTION AGAINST ALIENA-
TION—WHAT LAW GOVERNS. Where an Indian made a settlement
upon public lands under the act of 1875, which would have entitled
him to a patent with a restriction against alienation for five years,
but was not entitled to and did not make final proof until after the
passage of the act of 1884, his patent should be issued under the act
of 1884 with restrictions against alienation for twenty-five years.

INDIANS — CONTRACTS — LANDS — CONVEYANCE — RESTRICTIONS
AGAINST ALIENATION. A deed by an Indian holding land under a
patent with restrictions against the power of alienation is void.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered December 18, 1907, upon find-
ings in favor of the plaintiffs, in an action of ejectment,
after a trial before the court without a jury. Affirmed.

*Belt & Powell*, for appellant.

*Danson & Williams (Fred H. Moore*, of counsel), for
respondents.

[1]Reported in 98 Pac. 760.

CROW, J.—This action was commenced by Gregorie Frazee and Mary Frazee, his wife, against J. J. Piper and others, to recover possession of real estate in Spokane county. Judgment being entered in their favor, the defendant J. J. Piper has appealed.

The respondents alleged that they are Indians, formerly members of the Spokane tribe; that, previous to entering upon the land in controversy, they severed their tribal relations and never resumed the same; that on March 6, 1883, they settled on one hundred and sixty acres of public land in Spokane county; that on May 31, 1890, they made final proof; that on December 11, 1891, they received a patent issued to Gregorie Frazee; that their final proof was made, and they were entitled to a patent under the act of Congress of July 4, 1884, entitled, "An act making appropriations for the current and contingent expenses of the Indian Department, and for fulfilling treaty stipulations with various Indian tribes, for the year ending June 30, 1885, and for other purposes"; and particularly under that paragraph thereof reading as follows:

"That such Indians as may now be located on public lands, or as may, under the direction of the Secretary of the Interior, or otherwise, hereafter, so locate may avail themselves of the provisions of the homestead laws as fully and to the same extent as may now be done by citizens of the United States; and to aid such Indians in making selections of homesteads and the necessary proofs at the proper land offices, one thousand dollars, or so much thereof as may be necessary, is hereby appropriated; but no fees or commissions shall be charged on account of said entries or proofs. All patents therefor shall be of the legal effect, and declare that the United States does and will hold the land thus entered for the period of twenty-five years, in trust for the sole use and benefit of the Indian by whom such entry shall have been made, or, in case of his decease, of his widow and heirs according to the laws of the state or territory where such land is located, and that at the expiration of said period the United States will convey the same by patent to said Indian,

or his widow and heirs as aforesaid, in fee, discharged of said trust and free of all charge or incumbrance whatsoever" (3 Fed. Stats. Ann., p. 491);

that the executive officers of the United States in fact issued a patent under the provisions of an act of Congress of January 18, 1881, relating to transactions with the Winnebago Indians of Wisconsin; that the patent, which was afterwards duly recorded, contained the following provisions:

"This patent is issued upon the express condition that the title hereby conveyed, shall not be subject to the alienation or incumbrance either by voluntary conveyance or by judgment, decree or order of any court, or subject to taxation of any character, but shall remain inalienable and not subject to taxation for the period of twenty years from the date hereof, as provided by the act of Congress approved January 18, 1881";

that by reason of the foregoing facts, the real estate has thus far been at all times inalienable; that in 1892 the appellant, J. J. Piper, wrongfully took possession thereof; that he has at all times since withheld the same from respondents, and that the rental value during such time has been $2,800.

The appellant, after denying certain allegations of the complaint, affirmatively alleged, that the respondents settled upon the land and made final proof under the act of March 3, 1875, entitled, "An act making appropriations to supply deficiencies in the appropriations for fiscal years ending June 30, 1875, and prior years, and for other purposes," section 15, of which reads as follows:

"That any Indian born in the United States, who is the head of a family, or who has arrived at the age of twenty-one years, and who has abandoned, or may hereafter abandon, his tribal relations, shall, on making satisfactory proof of such abandonment, under rules to be prescribed by the Secretary of the Interior, be entitled to the benefits of the act entitled, 'An act to secure homesteads to actual settlers on the public domain,' approved May twentieth, eighteen hundred and sixty-two, and the acts amendatory thereof, except that the provisions of the eighth section of the said act shall not

be held to apply to entries made under this act: *Provided,*
*however,* That the title to lands acquired by any Indian by
virtue hereof shall not be subject to alienation or incumbrance,
either by voluntary conveyance or the judgment, decree, or
order of any court, and shall be and remain inalienable for
a period of five years from the date of the patent issued
therefor" (3 Fed. Stats. Ann., p. 490) ;

that the patent should have been issued thereunder; that it
should have contained the above provision of nonalienation
for five years; that on April 19, 1897, after the five years'
limitation had expired, the respondents, by written contract
of sale, conveyed the land to the appellant Piper; that re-
spondents placed him in possession; that he made payment
of the purchase price; and that he is entitled to have his
title and possession quieted. By the reply, the respondents
denied these allegations, and alleged that they had no knowl-
edge of the execution of the alleged contract; that if at any
time they did execute the same, its contents were not ex-
plained to them; that it was misrepresented to them, and
that its execution was procured by fraud.

The trial court in substance found, that the respondents'·
patent should have been issued under the act of July 4, 1884;
that in the spring of 1897 the appellant entered upon the
land; that he has at all times since retained possession; that
it had a rental value of $165 per annum; that the respond-
ents are Indians, unable to speak the English language,
except a very few words thereof; that in April, 1887, they
signed a writing which purported to confer some rights upon
Piper; that neither of respondents understood that it was
thereby intended to convey to the appellant any title, either
then or at any future time; that neither of them was aware
that the writing was intended for any other purpose than
to give the appellant a lease for a period not exceeding six
years; that the respondent Mary Frazee was not advised of
the contents of the instrument except that she was told by
her husband Gregorie Frazee that the land was leased for
six years, and that the appellant paid the respondents the

consideration named in the agreement, the payments being made in small installments at various times; that the respondents at all times understood the payments were for rent; that when the writing was signed by respondents there was no one present who could speak the Indian language; that the respondents were not represented by any person who was looking after their interests, and that the only explanation of the writing made to them was attempted by one Palmer, who spoke to them partly in English and partly in jargon and by motions and signs which they were unable to understand.

The appellant insists that the trial court erred in overruling his special and general demurrer to the complaint. By the demurrer he contended, (1) that the court had no jurisdiction of the subject-matter of the action; (2) that the respondents have no legal capacity to sue; (3) that there is a defect of parties; and (4) that the complaint does not state facts sufficient to constitute a cause of action. The record shows that the demurrer was submitted without argument. This being true, the trial judge was not afforded an opportunity for passing upon the contentions now made by appellant, and he is in no position to urge the same on this appeal, except upon the question of want of jurisdiction, or to show that the complaint when aided by the evidence fails to state a cause of action. In support of his contention that the court had no jurisdiction of the subject-matter of the action, he insists that the respondents, being Indians, are wards of the government which held the land in trust for them, and that they have no legal capacity to sue. There is no question but that, under the act of 1884 and the authority of the United States, the respondents were entitled to possession of the land, and that no third party would have a right to wrongfully interfere therewith. Should such an interference occur, they would certainly have the legal capacity to prosecute an action against the wrongdoer for the purpose of recovering or protecting such rightful possession.

The right of Indians to sue in both the Federal and state courts is well established. 16 Am. & Eng. Ency. Law (2d ed.), 216; 22 Cyc. 116.

The record shows that the respondents in this action are the same parties who were plaintiffs in *Frazee v. Spokane County*, reported in 29 Wash. 278, 69 Pac. 779; that the land here involved is the identical land there involved, and that J. J. Piper, the appellant in this action, was the moving spirit who promoted and successfully prosecuted that action in the names of Frazee and wife, for the purpose of enjoining Spokane county from taxing the land. Appellant caused that action to be prosecuted by the present respondents, as he then supposed, for his own benefit, and during its progress no question was raised as to the right or capacity of the Indians to sue. Yet the appellant now contends that the respondents cannot sue; that the United States as trustee holding the title is a necessary party either as plaintiff or, not consenting to act as plaintiff, then as defendant under Bal. Code, § 4833 (P. C. § 262), and that the superior court had no jurisdiction of the action to which the United States is not a party, prosecuted by the Indians alone. This is an action in ejectment against appellant, the party in possession. In *Raymond v. Morrison*, 9 Wash. 156, 37 Pac. 318, an action in ejectment, it was held that the party in possession is the only necessary party defendant, and we now hold that the respondents, although Indians, were entitled to commence and prosecute this action alone and in their own names, to recover their rightful possession. Their interest in the land, although subject to restrictions on alienation for a period of twenty-five years from the date of their patent, is such that, by lapse of time, it will ripen into a full and complete fee simple title, and is one under which they are entitled to present and exclusive possession of the land as against all the world. Such an interest is certainly as high an order of title as that which in *Guyatt v. Kautz*, 41 Wash. 115, 83 Pac. 9, we held to be in the nature of a

base or qualified fee, and is of sufficient value and rank to enable the respondents to prosecute this action for possession. In further support of the proposition that the state courts have jurisdiction to entertain this action, see the cases of *Pierce v. Frace*, 2 Wash. 81, 26 Pac. 192, 807; *McHenry v. Nygaard*, 72 Minn. 2, 74 N. W. 1106; *Wendel v. Spokane County*, 27 Wash. 121, 67 Pac. 576, 91 Am. St. 825. In the case last mentioned it was held that an entryman under the homestead laws of the United States, in possession of the land selected, although he had not made final proof, might maintain an action for damages for injuries to the land. The demurrer to the complaint was properly overruled.

Upon the merits, the controlling questions presented by the appellant's further assignments of error are, (1) under what act should the patent have been issued, and what conditions should it have contained; (2) does the evidence admitted sustain the findings of the trial court that the written contract under which appellant claims was improperly obtained from the respondents, and is therefore void. By the pleadings both appellant and respondents contend that the patent actually issued was improperly issued, as it contained conditions provided for in the act of 1881 pertaining to the Winnebago Indians of Wisconsin. This court, in *Frazee v. Spokane County, supra*, held that the patent should have been issued under the act of July 4, 1884, and we now adhere to that holding, which sustains respondents' present contention. The appellant, however, now insists that the final proof was made under the act of 1875; that the patent should have only contained a restriction of five years on the right of alienation, and that, said period having expired prior to the execution of the written contract of sale under which he claims, such contract should be specifically enforced in this action.

When Gregorie Frazee filed upon the land in 1883 the act of 1875 was in effect; but before he made or was entitled to make final proof, the act of July 4, 1884, became

a law, and the question now before us is whether his patent
should have been issued under the terms of the former act
of 1875, or the later act of 1884. We think the trial court,
following *Frazee v. Spokane County*, correctly held that the
latter act applied. Had Gregorie Frazee's right to the
homestead been perfected under the act of 1875, and had
he been entitled to make final proof under that act before
the act of 1884 was passed, a different condition would be
presented, and the five years' restriction on his right of
alienation, for which the act of 1875 provided, would not have
been extended by the act of 1884. His right of homestead,
however, was not perfected, nor was he entitled to make final
proof for several years after the act of 1884 took effect.
This being true, we conclude that his patent when issued
should have contained the restriction on alienation for twenty-
five years, as provided in the later act of 1884; that he
actually took the land subject to such restriction, and that
the attempted contract of sale made to the appellant within
that period was void. In 1888 the attorney general of the
United States, in passing on this identical question, said:

"I am of the opinion that this act of 1884 was intended
to be supplemental to and somewhat in modification of the
act of 1875, and that its provisions apply to all entries made
under the act of 1875 for which patents had not issued at
the time the act of 1884 went into effect." Opinions of
Attorneys General, vol. 19, p. 166.

As the restriction upon respondents' right of alienation
must continue for twenty-five years from the date of the
patent, it necessarily follows that the contract upon
which appellant relies conveyed no rights and cannot be en-
forced. In any event, we conclude from a careful examina-
tion of all the evidence, that the contract was not understood
by either of the respondents at the date of its alleged ex-
ecution, that its terms were not explained to them, and that
they understood they were leasing the land for a period of
not to exceed six years. The evidence shows that the ap-

pellant claims to have purchased the land on April 19, 1897, for $1,600; payable, $200 in cash, $800 in four annual installments of $200 each, and $600, the final installment, on March 20, 1902; that none of the deferred payments bore interest; that he himself at the time valued the land at $1,500; that he continued in possession for ten years under his written contract of sale without the payment of interest or taxes; that he charged to the respondents, as payment on the purchase money, about $150 of the expense of conducting the case of *Frazee v. Spokane County*, and that the rental value of the land was $165 per annum. The trial court, in entering final judgment, taking into consideration the rental value of the land for ten years, the payments, and certain small improvements made by the appellant, refused to enter any money judgment, other than one for costs, in favor of either party. We find no prejudicial error in the record. The judgment is affirmed.

HADLEY, C. J., MOUNT, and DUNBAR, JJ., concur.

FULLERTON, RUDKIN, and CHADWICK, JJ., took no part.