[No. 11411. Department Two. January 23, 1914.]

MARY FELIX *et al.*, *Respondents*, v. ANASTUS YAKSUM *et al.*,

*Appellants.*[1]

INDIANS—LANDS—ALLOTMENT—PATENTS—RESTRICTION UPON ALIEN-ATION. A patent to an Indian containing no restriction upon alienation cannot be held to be the second patent conveying the land free from restrictions, which, under 23 Stat. 96, is to be issued after expiration of the twenty-five year period, where such period could not have expired when the patent was issued; since there is no authority to waive the limitation.

SAME—ALIENATION — RESTRICTIONS — EVIDENCE — SUFFICIENCY. A judgment declaring a parol gift by an Indian of land held subject to a restriction against alienation cannot be sustained on appeal, in the absence of anything in the record to show to what tribe the Indian belonged or when or under what law he made his homestead application, so as to determine what restrictions apply.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered January 3, 1913, upon findings in favor of the plaintiffs, in an action for equitable relief. Vacated and remanded for further evidence.

[1]Reported in 137 Pac. 1037.

*Charles F. Wallace, Williams & Corbin,* and *Reeves, Crollard & Reeves,* for appellants.

*Kemp & Baker,* for respondents.

PER CURIAM.—Action to declare a parol gift of land. The pleadings below were framed upon the issue of gift from Anastus Yaksum to the respondent Mary Felix, and a subsequent quitclaim deed from Anastus Yaksum to the other appellants. Finidings were made sustaining the gift, subject to a life estate in Anastus Yaksum, and this appeal followed.

The first point urged by appellants in this court is that all of the parties to this action are Indians, and that the title of Anastus Yaksum to the land in controversy is subject to a restriction against alienation, and for this reason the gift, though established, cannot be upheld. This point must first be determined before we can pass to the question of a gift; for it is clear, if Anastus Yaksum held this land under a restriction against alienation, no gift made by her within the period of alienation can be sustained. This question being here suggested for the first time, we are unaided by the record in attempting its solution. Ordinarily, whatever may be suggested in cases triable here *de novo,* we look to the record made below for the facts upon which our determination must rest, and base our findings upon the evidence or lack of evidence. But this is an exceptional case. We are dealing with the questioned rights of Indians to hold and convey real estate, and as Indians are recognized as wards of the nation, it is the duty of this court, and every other, to uphold those barriers which the Federal government has seen fit to establish against their impoverishment by withholding from them the power of alienation. The patent conveying the lands in controversy was issued February 3, 1908, to "Anastus Yaksum, widow of Yaksum." It contains no restriction whatever against alienation. The gift under which respondents claim was made in the spring of 1908, the exact date not being shown. The deeds under which appellants Kami Sam and

Josephine Sam claim were made in July, 1912.  Both of these
dates would fall within the restrictive period, whatever be the
one applicable to the title of Anastus Yaksum, if her title is
subject to such limitation.  The act of March 3, 1875, 18
Stats. at Large, 420, extending the privilege of the home-
stead laws to Indians who had abandoned their tribal rela-
tions, fixed the period of alienation at five years.  The act
of July 4, 1884, 23 Stats. at Large, 96, enlarged this period
to twenty-five years.  *Frazee v. Piper*, 51 Wash. 278, 98 Pac.
760.

In speaking of this last statute it was observed, in *Frazee
v. Spokane County*, 29 Wash. 278, 69 Pac. 779, that it pro-
vided for the issuance of two patents; one when a person, en-
titled to it under the act, had consummated his right, and
which patent should declare a trust under which the United
States would hold the land for the period of twenty-five years
for the sole use and benefit of the patentee and his heirs; and
the other, to be issued upon the expiration of twenty-five
years, conveying the whole title discharged of the trust and
of all charge or incumbrance whatsoever.  Respondents now
urge that the patent issued to Anastus Yaksum, since it con-
tains no restrictive clause, is the second patent referred to in
the act of 1884, whereby the land is conveyed discharged of
the trust.  The weakness of this argument is manifest from
the fact that the township in which these lands are situate
was not surveyed until 1884, making it impossible for the
twenty-five year trust period to have expired in February,
1908, when this patent was issued.  The patent, therefore,
it seems to us, shows upon its face that it is not the second
patent referred to in the act of 1884.  There is another act
not referred to in the briefs, that of August 4, 1894, which
made provision for allotments in severalty to members of the
Wenatschapam tribe residing along the Wenatchee river,
under the act of February 8, 1887, as amended by the act of
February 28, 1891.  These acts may be found in vol. 1, In-
dian Affairs, Laws & Treaties (2d ed.), pages 33, 56, 530.

Under these acts, the restriction against alienation was fixed at twenty-five years. From the location of these lands within the territory covered by these acts, it is not improbable that they are the proper ones to apply to the situation before us. However, because of the imperfections of the testimony, it is impossible to say with any degree of accuracy. The difficulty is there is nothing to show to what tribe of Indians Yaksum belonged, or when and under what law he made his homestead application. Nor do we know what, if any, effect to give to § 6 of the act of February 8, 1887, according citizenship to Indian allottees who have complied with certain conditions. Nor is it of any determinative force that the patent contains no restriction against alienation. The law becomes a part of the patent, and no Federal official can waive or render inoperative, because of the failure to incorporate it, any limitation which Congress has imposed upon the title. *Frazee v. Spokane County, supra.*

We have, therefore, made no attempt to review the case submitted to the lower court, since we must first reach a conclusion on the question here first submitted and upon which the record is practically silent. The only order we can make is to set aside the judgment and send the case back for a new trial, when we trust counsel will appreciate the questions involved in the case and make a record accordingly. Appellant will not recover costs in this court.