[No. 4232.   Decided March 23, 1903.]

OTTO NOERDLINGER, *Appellant*, v. B. F. HUFF, *as Sheriff of Chehalis County, Respondent.*

JUDGMENT — COLLATERAL ATTACK — PRESUMPTIONS — JURISDICTION OF PERSONS.

As against collateral attack, it will be presumed, in support of a judgment obtained upon service made by a special constable, that the officer was properly appointed and had authority to act.

SAME — JUDGMENT OF JUSTICE — ATTACK IN SUPERIOR COURT.

Under Bal. Code, § 5136, when the judgment of a justice of the peace is certified to the office of the clerk of the superior court, it becomes, in effect, a judgment of the superior court, and subject to direct attack therein.

SAME — RESTRAINING EXECUTION SALE — EVIDENCE.

In an action brought in one court to restrain an execution sale based upon the judgment of another court, evidence *dehors* the record is inadmissible for the purpose of impeaching the authority for the issuance of the execution.

SAME — JURISDICTION OF SUBJECT MATTER.

The superior court has jurisdiction of an action whose subject matter is the restraining of an alleged illegal execution sale of property which lies within the territorial jurisdiction of the court.

APPEAL — PRESUMPTIONS IN AID OF JUDGMENT.

Judgment of dismissal of an action at the time of the dissolution of a temporary restraining order therein was not error when the motion to dissolve contained recitals which were equiv-

alent to a demurrer for want of facts, and the order dissolving the injunction was tantamount in effect to an order sustaining a general demurrer to the complaint.

SAME.

It will be presumed on appeal, in aid of a judgment rendered on sustaining a demurrer to a complaint, that the plaintiff stood on his complaint, where his exception to the order of the court was not followed by request for leave to amend.

Appeal from Superior Court, Chehalis County.—Hon. MASON IRWIN, Judge. Affirmed.

*Bush & Fox*, for appellant.

*J. L. Corrigan*, for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellant brought this action in the superior court of Chehalis county to enjoin respondent, as sheriff of said county, from selling the personal property of appellant under execution. The complaint shows that the judgment was obtained before a justice of the peace in Skagit county, that it was certified by said justice to the superior court of Skagit county, and that the execution under which respondent assumes to act was issued out of said superior court. It is alleged that, prior to the commencement of the action in the justice court, appellant was a resident of Chehalis county, and that no service of process from the justice court was ever had upon him; that he has a meritorious defense to the action, and would have appeared and defended the same if he had been served with any process or notice that a suit was pending. A temporary restraining order was issued, and respondent thereafter moved to dissolve it. Certain affidavits, record evidence, and stipulations were submitted at the hearing. The court dissolved the restraining order on the ground that it had no jurisdiction of the subject-matter, and

entered judgment dismissing the action. This appeal is from said order and judgment.

Respondent has filed no brief in this court, and we are therefore not advised as to the views of the trial court in support of its judgment. But a certified copy of the judgment of the justice of the peace was introduced at the hearing upon the motion to dissolve the injunction. It recites that the service of summons was had by leaving a copy thereof at appellant's place of abode, in Skagit county, with Mr. Grierson, a person over twelve years of age, and such was the return made by the officer. The facts recited made a good service, under § 6545, Bal. Code. The judgment also shows that the justice had jurisdiction of the subject-matter, since it discloses that the action was for the recovery of money on account for goods sold in a sum less than $100. It is therefore regular upon its face, since it shows jurisdiction of both the subject-matter and the person. Appellant insists that, since the record shows that the summons was served by a special constable, it should also show the existence of the statutory conditions authorizing the appointment of a special constable. We think it must be presumed in support of the judgment, as against collateral attack, that the officer was properly appointed and had authority to act. The judgment being regular upon its face, is not subject to collateral attack upon the ground that it is void. If a judgment bears upon its face the evidence which renders it void, the rule is otherwise, and it is entitled to no consideration in any court as evidence of right. But this court has held that where the court rendering a judgment has jurisdiction of the subject-matter, and adjudges that jurisdiction has been properly acquired over the person of the defendant, where there is nothing in the record to contradict it, such adjudi-

cation is as conclusive as that upon any other question in
the case, when collaterally attacked. *Kizer v. Caufield,*
17 Wash. 417 (49 Pac. 1064) ; *Rogers v. Miller,* 13 Wash.
82 (42 Pac. 525, 52 Am. St. Rep. 20) ; *Munch v. Mc-
Laren,* 9 Wash. 676 (38 Pac. 205) ; *Peyton v. Peyton,*
28 Wash. 278 (68 Pac. 757). It is manifest, therefore,
that the record from the justice court in Skagit county,
supplemented by the execution issuing from the superior
court of said county, showed authority for respondent to
make the sale sought to be enjoined in this action. Certain
stipulated facts were submitted at the hearing, which, if
used as evidence in a direct attack upon the judgment,
would bear upon the question of its validity. But they
could not be considered in this collateral action, under the
rule of this court above stated. Under § 5136, Bal. Code,
when the judgment of the justice was certified to the office
of the clerk of the superior court of Skagit county it be-
came "to all intents and purposes a judgment of said
superior court," and as such was subject to attack in that
court, where evidence not in the record could be intro-
duced to show that the judgment was void. A direct
attack in that court would doubtless have led to a recall
of the execution until the matter could be determined, and
no rights of appellant would have been jeopardized. But
in this action appellant seeks in a court foreign to the
judgment to restrain an execution sale of personal prop-
erty, and, to justify his demand, he asks the court to hear
evidence not found in the record of the judgment, for the
purpose of impeaching the authority for an execution is-
sued by another tribunal. This, as we have seen, cannot
be done, under the rule heretofore followed by this court.

The superior court, in its order dissolving the temporary
restraining order, states as a reason that it has no juris-

diction of the subject-matter. We think the reason stated is erroneous. The subject-matter of the action is the restraint of an alleged illegal execution sale of property within the territorial jurisdiction of the court. The subject-matter is therefore within the jurisdiction of the court and, if the judgment back of the execution disclosed upon its face that it was void, the execution would be unauthorized, and it would be the duty of the court to restrain the sale. It does appear, however, that the evidence submitted at the hearing upon the motion to dissolve was not sufficient to warrant the continuance of the restraining order, and it was therefore properly dissolved.

Judgment of dismissal was also entered at the time the temporary restraining order was dissolved. It is urged by appellant that it was error to enter final judgment until after final hearing of the cause. As a general proposition, the contention is correct, but the so-called motion to dissolve contained recitals which are the equivalent of a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action against the respondent. The order dissolving the injunction was tantamount in its effect to an order sustaining a general demurrer to the complaint. Appellant noted a general exception to the court's order and judgment, but we find no request in the record for leave to amend the complaint. Moreover, appellant does not suggest in his brief in this court that he desired to amend, or that he could have amended so as to state any cause of action different from that contained in his complaint. We will therefore presume, in support of the judgment, that appellant stood upon his complaint and did not desire to amend.

Since we think the complaint does not state a cause of action the judgment is affirmed.

FULLERTON, C. J., and ANDERS, MOUNT and DUNBAR, JJ., concur.