S. A. IRELAND *v.* LILLIAN ADAIR.

Opinion filed April 25, 1903.

**Levy on Property Incapable of Manual Delivery—Notice.**

1. A levy upon personal property incapable of manual delivery, under a warrant of attachment, must be made in strict compliance with sub-division 4, section 5632, Rev. Codes. To impound a. debt or demand due to the defendant, a copy of the warrant of attachment, and a notice showing the property attached, must be delivered to and left with the: person against whom the demand exists.

**Contents of Sheriff's Return.**

2. The sheriff's return upon a warrant of attachment must set forth: the acts performed in the execution of its mandate, so that the court may decide upon its sufficiency. The presumption is that the sheriff, in his return, has stated all acts done by him toward effecting a levy.

**Jurisdiction—Void Judgment.**

3. The judgment entered in this case is void for want of jursidiction in the court to enter it; it appearing from the judgment roll that no property was attached, that the defendant was not a resident of the state, was not served with summons, and did not voluntarily appear in the action.

Appeal from District Court, Ransom County; *Lauder, J.*

Action by S. A. Ireland against Lillian Adair. Judgment as entered as by default. Defendant appeals.

Reversed.

*Ball, Watson & Maclay,* for appellant.

Complaint is not properly verified since its matter could not be with the personal knowledge of plaintiff's attorney; and so far as affidavit of verification states, that he "believes it to be true," it car ries no force, since none of the matters contained in such complaint is alleged upon information and belief. The verification does not comply with section 5281, Rev. Codes. *Oelbermann et al.* v. *Ide,* 68 N. W. Rep. 393. There being no valid levy of a writ of attachment, the Court acquired no jurisdiction. Judgment in such a case has no force, other than it may be .satisfied out of the property attached. *Cooper* v. *Reynolds,* 77 U. S. 308, 19 L. Ed. 931. Under section 5362, sub-div. 4, the sheriff must serve on the person holding property of defendant, a notice specifying the property attached; and the lien of the attachment exists only from the time that levy is made in

accordance with that provision. Sheriff must file the inventory provided in such section within twenty days from the time of the seizure. *Clark* v. *Goodridge,* 41 N. Y. 210; *O'Brien* v. *Ins. Co.,* 56 N. Y. 52; *Hamilton* v. *Hartinger,* 64 N. W. Rep. 502; *Sioux Valley State Bank* v. *Kellogg,* 46 N. W. Rep. 859. The affidavit for publication was fatally defective. It did not state defendant's residence, nor show that it was unknown. Sec. 5254 Rev. Codes. *Ricketson* v. *Richardson,* 26 Cal. 153; *Ligare* v. *California South. R. Co.,* 76 Cal. 610, 18 Pac. 777; Appendix, 1 Dak. 479, 480. *Abell* v. *Cross,* 17 Ia. 171; *Hodson* v. *Tibbets,* 16 Ia. 97. Affidavit is defective in that it has no venue. Appendix, 1 Dak. 485.

*T. A. Curtis* and *F. S. Thomas,* for respondent.

The object of a verification is to insure good faith in the averments of the parties, and need not pursue the exact language of the Code. *Patterson* v. *Ely,* 19 Cal. 28. Verification is no part of the pleading and not necessary to give the Court jurisdiction. *George* v. *McAvery,* 6 How. Pr. 200; *Johnson* v. *Jones,* 2 Neb. 136. Objection to verification cannot be raised for the first time in the Supreme court. *Kuhland* v. *Sedgwick,* 17 Cal. 123. Under Rev. Codes, section 5281, a verification of a pleading to compel verification of subsequent pleadings, does not apply to a complaint verified to obtain an attachment under section 5356, Rev. Codes. *Sioux Valley State Bank* v. *Kellogg,* 46 N. W. Rep. 859. Receipting for personal property attached under subdivision 4 of section 5362, Rev. Codes, waives notice required by the section. *Foster* v. *Davenport,* sheriff et al., 80 N. W. Rep. 403. An affidavit alleging that the defendant is a nonresident of the state is sufficient to obtain an order for publication. *Byrne* v. *Roberts,* 31 Ia. 319. *Dornillard* v. *Whistler,* 29 Ind. 552. The sheriff made diligent seach and inquiry to serve summons on defendant and was unable to find him in Ransom county, N. D. Affidavit and return show sufficient proof to give the Court jurisdiction. *D. Marx* v. *William M. Ebner,* 180 U. S. 314, 45 L. Ed. 547. Amendment of affidavit stating place of defendant's residence may be properly made, and when not called to the attention of the court below, appellate court should allow it. *Hogue* v. *Corbit,* 156 Ill. 540, 41 N. E. Rep. 219; *Kuhland* v. *Sedgwick,* 17 Cal. 123. In most jurisdictions it is presumed that officers act within their jurisdictions, and while proper to prefix the venue, its omission is not fatal. *Reavis* v. *Cowell,* 56 Cal. 588; *Stone* v. *Williamson,* 17 Ill.

App. 175; *Baker* v. *Agricultural Land Co.*, 61 Pac. 412; *Young* v. *Young,* 18 Minn. 90; *Merriam* v. *Coffee,* 16 Neb. 450; *State* v. *Hemming,* 3 S. D. 492; *Ormsby* v. *Ottman,* 85 Fed. 492.

COCHRANE, J. This action was to recover the amount of a running account. An affidavit for attachment, containing the statutory requirements, was made, and the proper undertaking for attachment was given and approved. All papers were filed in the office of the clerk of the district court of Ransom county. A warrant of attachment, in proper form, was issued and delivered to the sheriff of the county, who made the following return of his procedure under the warrant: "I, A. C. Cooper, as sheriff of the county of Ransom, state of North Dakota, certify that the summons, affidavit of attachment, undertaking on attachment, and warrant of attachment herein came into my hands for service on the 5th day of July, 1902; that I served the same upon C. E. Pearson and Gilbert La Du, as executors under the last will and testament of James Adair, deceased, by leaving with them a true and correct copy of the same; that C. E. Pearson and Gilbert La Du, as executors of the last will and testament of James Adair, deceased, certify under their hands and seals that they hold a sum of money, to wit, $500, belonging to Lillian Adair, defendant." Nothing further appears from the judgment roll to have been done by the sheriff in execution of his warrant, or in fulfillment of the directions of sections 5631, 5632, 5381, Rev. Codes. Before the issuance of this warrant of attachment, an affidavit for publication of summons was made by plaintiff's attorney, in which it was stated that the defendant is not a resident of the state; that she has property in the state, and debts owing her from residents thereof. The sheriff's return upon the summons shows that defendant could not be found and was unserved. The summons was published and proof of publication made, and, on affidavit of default, a judgment was entered for the amount claimed in the complaint, with interest and costs. This appeal is from the judgment.

Personal service was not made upon defendant in this case, and she did not voluntarily appear. But the jurisdiction of the court to enter judgment, if any existed, was secured by publication of summons pursuant to the statute. The appellant assails the judgment as void for want of jurisdiction, on several grounds.

It is urged that there was no valid levy of the attachment, and consequently no property of the defendant was subjected to the jurisdiction of the court. The

sheriff's return on the warrant of attachment does not show a valid levy of the attachment upon the $500 due from Pearson and La Du to the defendant, Lillian Adair, because the sheriff did not serve upon Pearson and La Du a notice to the effect that he attached or levied upon the indebtedness. The statute (section 5362, subd. 4, Rev. Codes) provides that a levy under a warrant of attachment must be made upon personal property not capable of manual delivery by leaving a copy of the warrant and a notice showing the property attached with the person holding the same, and if it consists of a demand other than bonds, promissory notes, and instruments for the payment of money, the copy of the warrant and notice showing the property attached must be left with the person against whom. it exists. The lien of the attachment is effectual from the time such levy is made. The property here sought to be subjected to the lien of the attachment was a debt due to the defendant, and, under the imperative requirements of the statute, could only be attached in the method indicated. The proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed, or no rights will be acquired thereunder. *Rudolph* v. *Saunders,* (Cal.) 43 Pac. 619; *Courtney* v. *Bank,* 154 N. Y. 688, 49 N. E. 54; 4 Cyc. 583, 589. Section 5381, Rev. Codes, requires the sheriff, when the warrant of attachment has been fully executed, to return the same, with his proceedings thereon, to the court in which the action was commenced. It is his duty to state in his return what acts he performed in the execution of the warrant, so that the court may decide upon its sufficiency. We must therefore assume that in his return the sheriff stated all he did toward effecting a levy. *Sharp* v. *Baird,* 43 Cal. 577; *Watt* v. *Wright* (Cal.) 5 Pac. 91; *Rudolph* v. *Saunders,* (Cal.) 43 Pac. 619. The sheriff's return in this case does. not show even a substantial compliance with the statute. It does not disclose the service upon Pearson and La Du, or either of them, of a notice showing the property levied on. This is fatal to the attachment. In *Clarke* v. *Goodridge,* 41 N. Y. 213, the court, in construing a statute much like our own, said: "In executing the attachment upon the other kind of property, the sheriff is directed to leave a certified copy of the warrant of attachment with the head or agent of the corporation, or with the individual holding such property, with a notice showing the property levied on. * * * Those words were intended to perform an office, and by them the levy is confined to the items specified in the notice." *Wilson* v. *Duncan,* 11 Abb.

Prac. 3; *O'Brien* v. *Ins. Co.*, 56 N. Y. 52; *Courtney* v. *Bank*, 154 N. Y. 691, 49 N. E. 55. In the last case the following language is used: "The delivery of the certified copy of the warrant must be accompanied with a notice showing the property attached. Neither of these requirements can be dispensed with, and have a substantial compliance with the statute." There being no lawful attachment of property in this case, the court was without jurisdiction. *Cooper* v. *Reynolds*, 77 U. S. 308, 19 L. Ed. 931; *Hartzell* v. *Vigen*, 6 N. D. 117, 69 N. W. 203, 35 L. R. A. 451, 66 Am. St. Rep. 589; *Plummer* v. *Hatton*, 51 Minn. 181, 53 N. W. 460. The facts in this case do not bring it within the rule declared in *Foster* v. *Davenport* (Iowa) 80 N. W. 404, cited by respondent. Pearson and La Du did not recognize the act of the sheriff as a valid levy, and the certificate that they held $500 belonging to Lillian Adair is not equivalent to a receipt to the sheriff that property is held by them subject to the lien of the attachment, and to be delivered to the sheriff on demand. There is nothing shown here upon which an estoppel could be built up in favor of the sheriff and against the executors of James Adair, should he seek to recover from them, claiming right to possession because of an attachment levy.

This renders a reversal of the judgment necessary, and a consideration of further assignments unnecessary. The judgment appealed from is reversed and declared void and of no effect. All the judges concurring.