J. O. SYLVESTER and A. J. SYLVESTER, Appellants, v. AMBROSE MACKEY, Respondent.

(183 N. W. 1019.)

**Replevin — plaintiff must recover on strength of his own title, and not on weakness of his adversary.**
   1. In an action in claim and delivery, the plaintiff must recover on the strength of his own title or right of possession and not on the weakness of his adversary.

**Replevin — direction of verdict for defendant held not error.**
   2. For reasons stated in the opinion it is held that the trial court did not err in directing the jury to return a verdict in favor of the defendant for a dismissal of this action, which was instituted by the plaintiff to recover the possession of certain flax.

Opinion filed June 27, 1921.

From a judgment of the District Court of Dunn county, *Crawford, J.*, plaintiffs appeal.

Affirmed.

*W. A. Carns,* and *W. F. Burnett,* for appellants.

The purpose of the action of claim and delivery is to determine the

right to possession of the property at the time of commencement of the action. Kimmett v. Deitrich, 22 S. D. 590; Eldridge v. Sherman, (Mich.) 38 N. W. 255; Aber v. Bratton, (Mich.) 27 N. W. 564; Peterson v. Lodwick, (Neb.) 62 N. W. 1100; Caste v. Murray, (Oregon) 81 Pac. 883; Carr v. King et al., (Iowa) 169 N. W. 133.

"A defect in title to land conveyed by warranty deed will not defeat the vendor's right to recover the purchase price, while the presumption that he is able to respond in damages remains unchallenged. Zerfing v. Seeling, 12 S. D. 25; 80 N. W. 140.

"That a vendor did not have a merchantable title did not excuse the purchaser from making the payments required by the contract of sale." Barrows v. Harter· (Cal.) 130 Pac. 1050; Bowne v. Wolcott, 1 N. D. 415; Dahl v. Stakke, 12 N. D. 325; Bank v. Hayes, 34 N. D. 325; Notes 17 L. R. A. (N. S.) 1186.

"The mere . fact that a superior outstanding title to land existed, which had never been hostilely contested, would not authorize the recovery of the consideration for such land." Wilson v. Irish, 62 Iowa 260; 17 N. W. 511.

It is not necessary that a vendor be able to perform at the time of making the contract. Clapp v. Tower et al. 11 N. D. 556; Martinson v. Regan, 18 N. D. 467; Golden Valley Land & C. Co. v. Johnstone, 25 N. D. 148.

The question of title to land cannot be tried in a replevin action. Want of title to land cannot be set up as a defense. Barnhart v. Ford (Kan.) 15 Pac. 542; Anderson v. Hopler, (Ill.) 85 Am. Dec. 318; Pines v. Good 128 Cal. 38, 79 Am. St. Rep. 22; 60 Pac. 527; Snyder v. Vaux, 21 Am. Dec. 466; Note to King v. Mason 89 Am. Dec. 429-430.

"Where defendant received possession of land from plaintiff under a contract to purchase, which defendant forfeited, he is estopped from disputing plaintiff's right and title to the land." Coleman v. Stalnack, 15 S. D. 242; 88 N. W. 107.

*T. F. Murtha,* for respondent.

Under the circumstances in this case Mackey could question plaintiffs' title. Newcomb v. Ogden Plow Co. (Ia.) 95 N. W. 174; Schiff v. Tamor, 93 N.Y. Sup. 853; Potter v. Ranlett, (Mich.) 74 N.W. 661; Harding v. Olson, (Ill.) 52 N.E. 482; Smith v. Glenn, (Wash.) 82 Pac. 605 (especially § 6 of the syl.); Siglin v. Frost, (Mass.) 53 N. E. 820; Kares v.

Covell, (Mass.) 62 N. E. 244; Ft. Payne Coal Co. v. Webster, 39 N. E. 786.

In the instant case the crops were Mackey's and plaintiffs had no rights therein. And could not and cannot maintain either conversion or replevin against Mackey or his personal representatives. Moen v. Lillestal, 5 N. D. 327; 65 N. W. 694; Mpls. Iron Store Co. v. Braunn, 36 N. D. 355; 162 N. W. 543; 17 C. J. 1381; 39 Cyc. 1627; (Moen v. Lillestal is cited under Cyc. above); Golden V. L. & C. Co. v. Johnstone, 21 N. D. 101; 128 N. W. 691; Lynch v. Sprague Roller Mills (Wash.) 99 Pac. 578; Power Merc. Co. v. Moor Merc. Co. (Mont.) 177 Pac. 406.

"The occupier of land is the owner of all crops harvested during the term of his occupancy, whether he be a purchaser, tenant or a mere trespasser in possession holding adversely." Lynch v. Sprague Roller Mills, 99 Pac. 578-9-80.

"In an action for the recovery of specific personal property the jury must find by their verdict the facts as the case may be as follows." § 7635, 1913 C. L.

"In case they find against the plaintiff and the property has been delivered to him, and the defendant in his answer claims a return of the property, they must find the value thereof." 34 Cyc. 1434; 1 Suther'and on Pleading, § 1254; 3 Sutherland on Pleading, § 4143.

CHRISTIANSON, J. This is an action in claim and delivery. Plaintiffs seek to recover the possession of certain flax, or the value thereof in event delivery cannot be had. The trial court directed a verdict in favor of the defendant for a dismissal of the action, and plaintiffs have appealed from the judgment entered upon the verdict. The material facts are as follows:

On March 15, 1917, the plaintiffs entered into a written contract with one Ambrose Mackey, the defendant's intestate, wherein and whereby they agreed to sell to said Mackey, and he agreed to buy from the plaintiffs, a certain 160-acre tract of land situated in Dunn county, in this state, on the so-called crop payment plan. By the terms of the contract, said Mackey agreed to pay to the plaintiffs—

"as and for the purchase price of said premises, the sum of $3,680, with interest on all deferred payments at the rate of 7 per cent. per annum, interest payable annually on the 1st day of January of each and every year during the life of the contract, said interest to begin March 15, 1917, said

payments to be made in the manner and at times following, to wit: All the proceeds of the crop from not less than 40 acres of land to be broken up and seeded to flax in the season of 1917, and one-half of the proceeds of the crops from not less than 100 acres of land to be sown and grown during the season of 1918, and thereafter one-half of the proceeds of the crop to be sown and grown on all of the tillable land during the life of this contract, said share of the grain belonging to the said first parties. (plaintiffs) to be delivered to the elevator or on the cars at Dickinson, N. D., or at some other convenient point not more remote, as said first parties (plaintiffs) shall direct, within a reasonable time after threshing the same and free of all expense and charges to the said first parties (plaintiffs), said grain to be delivered in the name of the first parties (plaintiffs) and to be by the first parties (plaintiffs) promptly sold and the proceeds thereof applied, first, in the payment of interest on said sum, at 7 per cent. per annum, and, second, in reduction of the said principal sum."

At the time this contract was made the tract of land in question was uncultivated. In 1917 said Mackey broke and cropped about 40 acres thereof, and in 1918 he broke additional ground and cropped in all between 110 and 120 acres. The controversy here involves that portion of the crop produced during those two years which the plaintiffs claim belong to them under the terms of the contract. The evidence shows that at the time this contract was made there was an outstanding mortgage covering the land in question and three adjoining quarter sections. Default was made in the terms of said mortgage, and foreclosure proceedings by advertisement were instituted by the holder thereof, with the result that on November 12, 1917, the sheriff of Dunn county sold said four quarter sections of land covered by said mortgage, including the quarter section involved in this controversy, to one Schreiner for the sum of $5,307.88. A sheriff's certificate of sale was thereupon issued to the purchaser, and the same was thereafter, on November 14, 1917, duly recorded in the office of the register of deeds of Dunn county. One of the quarter sections covered by said mortgage foreclosure sale had previously been sold by the plaintiffs to one Regeth, and on or about November 12, 1918, said Regeth, accompanied by one of the plaintiffs, saw the proper officers of the First National Bank of Dickinson and induced said bank to loan to said Regeth sufficient moneys to purchase the sheriff's certificate of sale from Schreiner, the purchaser at the sale and the then holder and owner of the

certificate. It was arranged that the assignment was to be taken to the First National Bank of Dickinson, which was to hold the same, together with other papers, as security for the loan made to Regeth. On November 20, 1918, said Schreiner executed and delivered to the First National Bank of Dickinson an assignment of said sheriff's certificate of sale, which assignment was recorded in the office of the register of deeds in Dunn county on December 11, 1918. When Mackey was asked to turn over to the plaintiffs the flax which the contract provided should be turned over to them, he refused to do so, for the reason that they had lost title to the land and were in no position to fulfill their contract with him. On December 3, 1918, the plaintiffs instituted this action to recover the possession of the flax or the value thereof in the event a delivery of such property could not be had. After the commencement of this action Mackey died. Subsequently the action was revived against the administratrix, and she was substituted as the party defendant.

Upon the trial of the action, the foregoing facts were established by the evidence introduced. The defendants also adduced evidence tending to show that at the time of the execution of the contract between the plaintiffs and Mackey the plaintiffs were not the record owners of the land. The defendant also applied for and was granted permission to file a supplemental answer asserting that the plaintiffs had transferred all their interest in the contract and in the land. And in support of these averments the defendant introduced evidence showing that on November 17, 1920, the plaintiffs conveyed all their interest, right, and title in and to the land in question and other lands to S. A. Sylvester and W. P. Barrett; also, that on or about the same day the plaintiffs, by a written instrument duly executed and acknowledged, transferred, and assigned to one S. A. Sylvester, trustee, "his heirs, executors, administrators, and assigns," the contract between the plaintiffs and said Ambrose Mackey. In said written assignment the said plaintiffs specifically covenanted with the said S. A. Sylvester, as party of the second part therein, that there then remained unpaid "the sum of $4,422.12 on the purchase price of said property due and payable as of date December 1, 1919, payable from proceeds of one-half crops grown on said land." The evidence thus offered by the defendants as to the transfer of said contract and the premises stands uncontradicted and unexplained. At the conclusion of the trial, the defendant moved for a directed verdict upon the ground, among others, that the plaintiffs had assigned their rights and interest

in the contract with Mackey and in all payments then due thereunder, and that consequently they were no longer the owners of the claim they were seeking to enforce and were no longer the real parties in interest in the controversy. As already indicated, this motion was granted, and the sole question presented on this appeal is whether the trial court was correct or incorrect in so ruling.

A careful consideration of the question leads us to the conclusion that the trial court properly directed a verdict in favor of the defendant. It will be noted that the contract between the plaintiffs and Mackey specifically provides that Mackey shall pay to the plaintiffs a specified sum of money, with interest on deferred payments at a specified rate. It is true the contract further provides that Mackey shall deliver certain crops to them and that they shall have title to such crops, but, nevertheless, the contract does not measure the amount to be paid in bushels of grain but in dollars and cents. According to the terms of the contract, the grain was to be sold and the proceeds applied on the purchase price stipulated in the contract. Hence it seems clear that the assignment of the contract with all payments then due thereon made by the plaintiffs in March, 1920, defeats their right to maintain this action. The plaintiffs not only transferred the contract to another, but they specifically covenanted, in the written assignment, that there was due on the contract a sum which manifestly included the very payments which it is sought to recover in this action. It is true, as a general rule, the test of the right to maintain an action in claim and delivery or replevin is whether the plaintiff at the time of the institution of the suit is entitled to the immediate possession of the property claimed. This, however, does not mean that the court will shut its eyes to what has occurred affecting the right to possession of the property interim the commencement of the action and the trial, provided such matters are called to the attention of the court by appropriate pleadings and proof. Thus:

"It is generally held that when the plaintiff obtains the possession of the property at the commencement of the action, and the defendant, in his answer, demands a return of the property, and at the trial it appears that the defendant is not entitled to possession for the reason that his interest or right to the possession of the property has ceased intermediate the commencement of the action and the trial, and the right to the possession has vested in the plaintiff, the court will not order a return of the

property to the defendant, but will leave the property in the possession of the plaintiff." 24 Am. & Eng. Ency. of Law, pp. 484, 485.

See, also, Cobbey on Replevin (2d ed.) § 125.

By parity of reasoning, it would seem to follow that where a party institutes an action to recover the possession of certain personal property then in the possession of another, who rebonds and retains the property in his possession, the plaintiff in such action will not be awarded a judgment against the defendant therein for delivery of such property to the plaintiff, where, after the commencement of the action and before the trial thereof, such plaintiff has parted with all title and claim to the property in suit.

There were also other reasons which justified the trial court in directing a verdict in favor of the defendant for a dismissal of the action. It will be noted that before this action was commenced the time in which to make redemption from the foreclosure sale had expired. While the evidence does not show that a sheriff's deed had been issued, the right of the holder of such certificate to demand and receive such deed had become absolute. State ex rel. Bank v. Herman, 36 N. D. 177, 185, 161 N. W. 1017. And all the rights of the plaintiffs in and to said premises have been terminated. Such rights had been set over to the holder of the sheriff's certificate of sale. By the provisions of § 7762, C. L. 1913, the purchaser at a foreclosure sale was entitled to receive from a tenant in possession of the property so purchased the rents or the value of the use and occupation thereof. Within the purview of this statute any one occupying and raising crops on the premises, even the owner himself, will be deemed a tenant in possession. See Clifford & Co. v Henry, 40 N. D. 604, 612-614, 169 N. W. 508.

Hence there can be no question but that the purchaser at the foreclosure sale, or his successor in interest or assigns, had a cause of action against some one for the rents, or the value of the use and occupation. Whether this claim would be more or less than the value of the share of the crop which the plaintiffs claim, we do not know and need not determine. Nor do we need to determine the respective rights of Mackey and those who have acquired the interests of the plaintiffs through the foreclosure proceedings or otherwise. It is sufficient to note that these ·claims and interests are outstanding. The plaintiffs must recover on the strength of their own title or right of possession, and not on the weakness of their adversary. It seems clear, under the facts here presented,

that the plaintiffs have failed to establish their right to recover the possession either of all or of any specific portion of the flax in controversy.

Judgment affirmed. ·

ROBINSON, C J., and BIRDZELL, J., concur.

BRONSON and GRACE, JJ., concur in the result.