WILLIAM LANGER, Appellant, v. WILLIAM NULTEMEIER, as Sheriff of Grant County, North Dakota, Respondent.

(212 N. W. 817.)

**Execution — copy must be delivered to person from whom personal property is taken.**

1. Where, as under our statute the levy of an execution is made in the same manner as the levy under a writ of attachment, and where such levy upon personal property capable of manual delivery must be made by taking the same into the actual custody of the officer making the levy, said officer must thereupon without delay deliver a copy of the writ to the person from whose custody such property is taken; and the failure so to do renders the levy void.

**Execution — judgment debtor — fraudulent conveyance.**

2. In an action in claim and delivery brought by a third person in whose possession the property is, against a sheriff who has levied upon such personal property capable of manual delivery and who claims the same by virtue of attempted levy under writs of execution, against a judgment debtor who sold the property to the third person; and where the levy is held to be void; such sheriff cannot defend on the ground that the transfer of the property by the judgment debtor to the said third person was in fraud of creditors.

Opinion filed December 31, 1926. Rehearing denied March 15, 1927.

Attachment, 6 C. J. § 424 p. 220 n. 24; p. 221 n. 28; § 426 p. 221 n. 32; § 430 p. 226 n. 58. Executions, 23 C. J. § 239 p. 444 n. 64. Fraudulent Conveyances, 27 C. J. § 110 p. 470 n. 14...

Appeal from the District Court of Grant County, *Berry, J.* Reversed.

*Langer & Nuchols* and *Lauder & Lauder,* for appellant.

---

Annotation.— (1) Necessity of service of writ and notice on levy on personalty, see 17 R. C. L. 185.

"It is clear that a creditor cannot attack a conveyance merely upon his contract. He must have either an attachment or an execution when he seeks to attack a conveyance of personal property or a judgment or a bill in equity as to real estate. The question of fraud cannot be litigated by any person who has no interest in the property." Griswold v. Sundback (S. D.) 57 N. W. 339.

A person who receives property from an insolvent debtor in payment of an antecedent debt occupies a more favorable position than a purchaser for a present consideration. 27 C. J. 630; Sutherland v. Noggle, 35 N. D. 538; Bank v. Collard, 33 N. D. 586; Lockgran v. Rustan, 9 N. D. 43.

"To make a good levy under an attachment, the officer must take actual possession of the property attached, as far as, under the circumstances, this is practicable." Jones Lumber & Merc. Co. v. Faris (S. D.) 60 N. W. 403.

"The creditors have no claim on the homestead, no right to be subrogated to the mortgagee's lien on it, or to require the mortgagee to exhaust its proceeds for his debt before coming upon the general assets of the debtor accessible to all creditors." Flask v. Tyndall, 36 Ark. 571.

"The fact that both parties to a transfer of property to pay or secure a debt know that as a result thereof the claims of other creditors will be delayed or defeated does not constitute fraud." 27 C. J. § 386, p. 269.

*Jacobsen & Murray,* for respondent.

"And a transfer by a judgment debtor after issue of execution with a fraudulent intent entertained by both parties to the transfer to prevent the judgment creditor from obtaining execution of his judgment is fraudulent and void." 27 C. J. § 139, p. 488.

"The levy of a writ of attachment on the property conveyed is deemed to be a declaration by the creditor of his election to treat the conveyance as void." Salemonson v. Thompson, 13 N. D. 182.

"Where a creditor is allowed to seize property fraudulently conveyed, it is a necessary deduction that, where the grantee brings . . . replevin or other proceedings, . . . . against the officer making the levy to compel restoration of the property . . . he should be per-

mitted to show the character of the conveyance." Batcher v. Berry (Mont.) 13 Pac. 45.

BURR, J. This is an action in claim and delivery wherein the plaintiff seeks to recover from the defendant 132 or 134 head of cattle which the sheriff had seized under a claim of levy on execution under two judgments against Christ Friesz and his wife. It seems that prior to 1919 the said Friesz and wife had given a mortgage upon their homestead to one Mrs. Henry K. Wall and the note and mortgage were in 1919 assigned to the plaintiff herein although the assignment was not recorded until after the commencement of the action. It appears also that the plaintiff advanced money from time to time to Christ Friesz and wife taking their notes therefor. In December 1919 one Wm. Fiedler obtained judgment against Christ Friesz and wife in the sum of $1,013. The judgment was duly docketed in the counties of Hettinger and Grant and had never been paid. On April 23, 1925, Wruck Brothers obtained judgment against Christ Friesz and wife in the district court of Grant county for some $236.90 which judgment was duly docketed and has never been paid. On the 29th day of August 1925, executions were issued on the said judgments and delivered to the defendant commanding him to levy upon the property of the said Friesz and wife, and on the same day the plaintiff and the said Friesz computed and made a settlement of their accounts and found the amount due to be $3,726.47, for which sum Friesz gave his note to the plaintiff and secured it by a chattel mortgage on the cattle involved in this action. This mortgage was filed in the office of the register of deeds of Grant county on the same day. Up to this time the plaintiff did not know of the issuing of the executions. On the 31st day of August 1925, the sheriff made an attempt to levy upon 50 head of the cattle involved in this action. He drove through the pasture and into the yard of the judgment debtor. He did not take physical possession of the cattle, but gave the judgment debtor a copy of each execution and notice of the attempted levy. As the trial court held the levy void we will not go into details further. After this attempted levy, knowledge of which the plaintiff had, Friesz and his wife sold the cattle to the plaintiff giving him a bill of sale. After purchasing the cattle the plaintiff loaded them on cars belonging to the Northern Pacific Railway Com-

pany, and while in the possession of the said railway company the sheriff seized the cattle, unloaded them and took them into his possession. As warrant for this exercise of authority the sheriff showed to the conductor of the train these executions but at no time did he deliver a copy of either execution to the person from whose custody these cattle were taken or give notice of any levy to the Railroad Company or to the plaintiff. The plaintiff then commenced this action in claim and delivery in the usual form of complaint, which complaint the defendant answered claiming possession under the levy on the execution as made on the 31st day of August 1925, and alleging that the plaintiff and the said Christ Friesz had "conspired and confederated together for the purpose of fraudulently taking away from this defendant said livestock so levied upon and cheating and defrauding the said judgment creditors." Christ Friesz and wife are not parties to this action and in no way attack any of the business deals made with the plaintiff regarding the property involved.

The case was tried to a jury and at the close of the case the plaintiff moved for a directed verdict which was denied. The jury found for the defendant for the possession of the cattle involved and the plaintiff moved for judgment notwithstanding the verdict or for a new trial.

It is the contention of the plaintiff that the question of alleged fraudulent transactions between him and Christ Friesz and wife involving the cattle in question cannot be raised by the defendant in this case because the evidence shows conclusively the defendant had never made a proper levy upon said property and is a mere trespasser. It will be noted that the defendant in his answer claims lawful possession of the cattle by reason of this attempted levy made on the 31st day of August 1925, saying "this defendant . . . on or about the 31st day of August 1925, levied upon and took into his custody and possession, a portion of the property described in the complaint, and owned by Christ Friesz to wit: 50 head of said cattle; that said levy was in due form; that by virtue thereof this defendant obtained a special property and lien upon said 50 head of cattle, to the extent of the amount of said judgment, executions and costs." Nowhere in the answer does the defendant claim to have levied upon the property upon the tenth day of September. The trial court in the charge to the jury declared the attempted levy of August 31st, void, charging as follows: "on the first

contention of the defendant that the defendant levied upon the property upon the 31st day of August 1925, and that should therefore be a lien upon property, I charge you as a matter of law that the evidence in connection with the said levy and the attempted levy does not under them constitute a levy as a matter of law, so that the question of whether or not the sheriff levied upon the property will not be submitted to you for consideration. There was no levy on the 31st day of August 1925, as a matter of law." The defendant does not appeal and no one challenges the correctness of this portion of the charge, therefore it is assumed that there was no levy on the 31st day of August 1925. But the defendant claims that his actions on the tenth day of September when he exhibited the executions to the conductor of the train and took possession of the cattle were in effect a new levy under the execution and that under this levy he took possession of all of the cattle. There is a dispute between the parties as to the exact number—the plaintiff claims there were 134 head of cattle in the cars and the defendant claims there were but 132. The undisputed evidence shows the sheriff knew plaintiff was claiming an interest in the cattle; displayed his executions to the conductor and took the stock; and it is also undisputed that he never at any time delivered to the conductor of the train or to the person from whose custody he took the cattle any copy of the executions or gave any notice of levy to the company or to the plaintiff.

Under our statute the levy of an execution is made in the same manner and form as the levy under a writ of attachment (§ 7720). A levy under a writ of attachment "upon personal property" "capable of manual delivery" "must be made by taking the same into the sheriff's actual custody. He must thereupon without delay deliver a copy of the warrant to the person from whose custody such property is taken." In this case we have personal property capable of manual delivery, the sheriff took the same into his actual custody but at no time did he deliver a copy of the execution "to a person from whose custody such property is taken." It will be noted from our statute § 7547 that "the lien of the attachment shall be effectual from the time when the levy is made in accordance" with the provisions of that section and therefore the levy of execution is not effectual until the statute is complied with. In the case of Mysroll v. Violette, 55 Me. 109, it is said referring to a levy of an execution against real estate that "such levy is

authorized only by statute, the directions there found must be strictly followed." This is a general rule. In Hobart v. Frisbie, 5 Conn. 592, it is held that the "acquisition of title to real estate by execution being founded on the positive provisions of statute, and in derogation of the common law, it is incumbent on the party claiming such title to show that all of the requirements of the statute have been strictly complied with." There is no distinction between the taking of real property from an owner or personal property under execution. Both are in derogation of common law. Under the Oregon statute in force when the case of Dufur Oil Co. v. Enos, 59 Or. 528, 117 Pac. 457, was before the court it was necessary when an execution against a judgment debtor was levied on personalty in the possession of another than the judgment debtor only to leave with such third person a certified copy of the writ and a notice specifying the property levied on. The court held "that such being the statutory requirements no lien was created by the sheriff merely assuming to take possession of property." In the case at bar, the proceedings of August 31, 1925, being a nullity and so held by the court the action of the sheriff on September 10th, to amount to a levy under the execution would require to be in harmony with the statute. By this time the property which he supposed to be the property of the judgment debtor was in the custody of the third party. This Oregon statute was construed by the United States Supreme Court in the case of Marks v. Shoup, 181 U. S. 562, 45 L. ed. 1002, 21 Sup. Ct. Rep. 724. It appears the defendant, a U. S. marshal, had in his possession attachments on two causes against one Levy and took into his possession property in the possession of the plaintiff Marks under the claim that the transfer from Levy to Marks was in "fraud of his creditors." Marks claimed that he had bought the goods from a third person for a valuable consideration and denied all fraud. When the levy was made the property was in the possession of the plaintiff. The Supreme Court construes the Oregon statute with reference to the necessity of "leaving a certified copy of the writ, and a notice specifying the property attached with the person having possession of the same" and holds failure to do this rendered the levy void.

In the case of Price v. Boot Shop, 75 Or. 343, 146 Pac. 1088, the plaintiff had purchased from the Boot Shop certain property the title to which was guaranteed by a third person. An attachment against the

Boot Shop was issued and the sheriff levied upon the property in the possession of the plaintiff. The plaintiff relying upon his guaranty allowed the sheriff to take the property and did not receive a copy of the writ or a notice of the levy. Judgment was rendered on the attachment and the property sold. The plaintiff then brought action against the Boot Shop and the guarantor because he had lost his property and the court held the failure to give plaintiff a copy of the writ rendered the attachment void and the plaintiff had taken his chances in allowing the sheriff to take the property. The court further held that the requirement of the service of a copy of the writ and the notice were not such requirements as the plaintiff could waive so as to render defendants liable for damages. A levy under a warrant of attachment or writ of execution must be made in strict compliance with the statute or there is no levy hence there was no proper levy made on the 10th day of September, 1925. The defendant claims that this is waived by the plaintiff or that he is estopped from taking advantage of failure to deliver a copy of the execution because that in his affidavit and notice in claim and delivery he admits that the defendant levied upon the same under an execution. The wording of the said affidavit and notice, so far as this feature is concerned, is as follows: "that the alleged cause of detention thereof, according to affiant's best knowledge, information and belief is as follows: That the defendant as sheriff of Grant county, North Dakota, has levied on the same under execution, either for one Wm. Fiedler or Wruck Brothers consisting of J. B. Wruck and John Wruck in an action in which Christ Friesz is the defendant. That the said property has not, nor has any part thereof, been taken for a tax, assessment or fine pursuant to statute, or seized under an execution or attachment against the property of the said plaintiff Wm. Langer." This merely states the claim of the defendant to the property giving the reason or cause claimed by the defendant as the plaintiff understood it. It is not an admission of any of the facts, it is a mere statement as to what the defendant claimed. It is clear therefore that the action of the sheriff on the 10th of September did not amount in itself to a levy under the writ—it was merely, if anything, completion of the action of August 31st. As shown before he had given a copy of the execution to the defendants Friesz but had not

taken possession of the property. He now took possession of the property. Respondent contends that testimony having been offered and received relative to the action of defendant on September 10th it has therefore come before the court as proof of a levy on that date. It was necessary to introduce such testimony in order to prove seizure by the defendant and was introduced for that purpose. Both the answer and the testimony of the defendant show his actions on September 10th were prompted because of the supposed levy on August 31st, and the contention that he made a new levy on September 10th is a mere afterthought. As we have seen heretofore the court ruled such attempted levy was void. The action on September 10th does not amount to a levy and therefore the possession of the cattle by the defendant is the possession of a mere trespasser. He has no lien upon this property. Consequently he is not in position to raise the question of fraudulent transfers between Friesz and the plaintiff. This being so and the testimony showing the sale of the property from Friesz to the plaintiff and the defendant having wholly failed to justify under any levy of execution it follows that the motion for judgment notwithstanding the verdict should have been granted. The judgment therefore should be reversed and the district court ordered to enter judgment declaring the plaintiff entitled to the possession of the stock in question.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.

### On Petition for Rehearing.

BURR, J. Defendant has filed a plausible and vigorous petition for rehearing. He says this is an action in replevin; that there is no issue as to a levy made by the defendant; that the court failed to distinguish between a levy where manual possession is taken and a levy where the property is allowed to remain in the custody of the judgment debtor, or a third party; and that it is only the judgment debtor who can question irregularities concerning levies.

We have not overlooked that this is an action in replevin. Defendant says that plaintiff must recover on the strength of his own title and not

on the weakness of his adversary. There is nothing new in this declaration. It is the established rule of this court. See Sylvester v. Mackey, 48 N. D. 256, 183 N. W. 1019. He argues that under a general denial the defendant in a claim and delivery case may show the plaintiff's title is fraudulent as to creditors; but this is when the defendant is other than a trespasser. If an officer claiming to hold property under a levy is the defendant he may show such fraud provided he has a lawful levy. He stands in the place of the judgment creditors and unless he has an interest in the property he cannot attack the title. Such a title is not void. It is merely voidable. After the prima facie proof of title, there must be in this case, a levy before sale can be attacked as fraudulent.

There is an issue as to levy. That is the defense. It is not waived by the plaintiff merely because he said that the defendant had taken it under a levy or claimed it under a levy. He does not say by this, that the attempted levy is valid. Of course, the sheriff claimed the property under a levy. The case cited by the defendant, Schoonover v. Osborne Bros. 108 Iowa, 453, 79 N. W. 263, does not apply. If the plaintiff were the defendant and asserting a counterclaim because of a levy he could not repudiate a levy, and ask damages because of it. The plaintiff is not claiming anything under the levy. The court does not overlook the question of any difference between property capable of manual delivery and property incapable of manual delivery. The case cited by defendant Jolly v. Dunlop, 34 S. D. 213, 147 N. W. 980, is not in point even though the court there says that the property was capable of manual delivery and therefore did not require the service of a copy of the warrant of attachment; because under the statute of South Dakota in force at that time it was only in case of property incapable of manual delivery that a copy of the warrant must be left with the "individual holding . . . the property together with a notice showing the property levied on." See § 216 of the S. D. Code of 1903. In case of property capable of manual delivery nothing was said in the Code about requiring a copy of notice to be given. An inventory must be made of the property and filed with the clerk. See § 211 of the same Code. Neither did the S. D. Code prescribe any method of levying under execution as in our Code, which says the levy is made under the same manner as a levy under attachment. See article 1, chapter

13, Code of Civil Procedure, S. D. 1903. The statute of South Dakota in force now is similar to ours with reference to the levy of a warrant of attachment and requires a copy of the warrant to be delivered to the person from whom the property is taken. See subdivision 3, § 2442, S. D. Code 1919. The Code says the law was taken from the Code of North Dakota. Thus the cited case is under a different statute. The statute expressly provided that it was only in case of property incapable of manual delivery that a copy of the warrant had to be left. That is not our statute. The rule set forth in 6 C. J. 226–228 cited by the defendant has no bearing in this case as it does not touch the issue. The rule involved here is set forth in 6 C. J. 220 with supporting authorities and says the statute must be followed strictly and especially when levy is asserted against third parties. And on page 221 says that when the statute requires notice of levy to be given this provision must be complied with.

We have already in the main opinion, disposed of the question of the necessity of complying with this statute with reference to third persons. This is not protection for a judgment debtor alone. It is for the protection also of the third person whose property is taken away so that he will know why his property is taken or claimed.

The petition for rehearing is denied.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.