J. A. ZIMMERMAN, Appellant, v. CLIFFORD C. BOYNTON, Respondent.

(229 N. W. 3.)

Opinion filed January 27, 1930.

*Arthur B. Atkins,* for appellant.

*I. F. Wagner,* for respondent.

BURR, J. This is an action to determine conflicting claims to the north half of section 19, township 135, range 74 in Emmons county. The complaint is in the statutory form, and alleges plaintiff is "the owner in fee simple" of this land, that defendant claims an interest in it, but has none. The defendant answers denying plaintiff's interest in the land and in a counterclaim sets up "that he is the fee title owner of the real estate in the plaintiff's complaint set forth and that he was such owner at all times mentioned in said complaint." This allegation is denied by the plaintiff. The trial court found "that the plaintiff has no title to, interest in, or lien or incumbrance upon" the land; and

"That the plaintiff went into possession of said premises hereinbefore and in said complaint described on or about the 1st day of June, 1928, by virtue of a sheriff's deed, executed by A. H. Fischer, as Sheriff of Emmons County, to this plaintiff, and that during all times herein mentioned the plaintiff, or his grantee [ ?], has been in possession and is now in possession of said premises;"

"That the plaintiff, while in possession under said sheriff's deed, in

good faith, and without notice of any claims of the defendant, paid taxes upon said premises hereinbefore and in said complaint described in the sum of $489.09."

Judgment was ordered dismissing the action and giving the defendant his costs and disbursements. From the judgment entered the plaintiff appeals, and demands "a new trial of the entire case," in this court.

Plaintiff claims title to the premises under and by virtue of a sheriff's deed issued on execution sale in the case of Marshall Field and Company, a corporation, against this defendant, wherein an attempt was made to attack these premises, the defendant being then the owner of the land. The certificate of sale was assigned to this plaintiff and the sheriff's deed issued to him. It was under this deed plaintiff went into possession of the land and paid taxes thereon. Plaintiff introduced the certificate of sale, the assignment to him, his sheriff's deed, testimony as to possession and payment of taxes, and rested. The defendant moved to dismiss the action for failure to establish title. There was no ruling on this motion and defendant offered in evidence the judgment roll in the case of Marshall Field & Company against himself, on the theory that this record on its face showed the judgment rendered therein was null and void, and, as the plaintiff's title rested upon the validity of this judgment, he therefore had no title to the land. This was his sole defense. Plaintiff claims this is a collateral attack upon said judgment.

The defendant being the owner of the land at the time judgment was rendered against him in favor of Marshall Field & Company it was proper to offer the sheriff's deed in evidence in order to make out a prima facie case in favor of the plaintiff in this action. The deed was duly acknowledged and recorded. Our statute says:

"The deed shall be sufficient evidence of the legality of such sale, and the proceedings therein, until the contrary is proved, and shall vest in the purchaser or other party as aforesaid as good and perfect a title in the premises therein mentioned and described as was vested in the debtor at or after the time when such real property became liable to the satisfaction of the judgment."

See § 7763 of Compiled Laws. It is not urged that the deed did not contain the recitals required by the statute. In Bliss v. Waterbury,

27 S. D. 429, 131 N. W. 731, in a statute identical with ours, the court held that it was proper to admit such deed without further proof. As § 7916 of the Compiled Laws says:

"Every instrument conveying . . . real property acknowledged . . . as provided in the Civil Code, may . . . together with the certificate of acknowledgment or proof be read in evidence in an action or proceeding without further proof;" and as § 7763 says that such deed vests in the purchaser "as good and perfect a title in the premises" as was vested in the debtor,—the only issue being whether the title of the debtor was divested by the proceedings in the Marshall Field and Company case against him—a prima facie case was made by the plain-tiff in offering the deed in evidence.

The record in the case of Marshall Field & Company shows that the plaintiff in that case had a claim of $969.85 against the defendant with interest, and attempted to obtain a judgment through constructive service. A writ of attachment was issued, attempted levy made on this land, summons was published after an affidavit for publication had been filed, the defendant defaulted, proof was made, order for judgment and judgment for $1,081.27 rendered, special execution against this land issued, the land sold for the amount of the judgment, and eventually a deed issued to the plaintiff in this case.

The alleged defects in the proceedings, claimed by the defendant to so vitiate them as to render the judgment void, are reduced to three. The defendant says: The "execution was not under the seal of the court," the affidavit for attachment was made upon information and belief; and "that there was no valid seizure of the land for the reason that no valid levy was made, the notice not stating the amount of the plaintiff's claim."

We dismiss the first alleged defect. The judgment roll in this case includes the special execution in the Marshall Field & Company case and bears the seal of the district court.

The order for judgment and the judgment in the case of Marshall Field & Company against this defendant contain recitals enumerating all necessary steps to obtain jurisdiction, including the filing of "an affidavit for attachment" and a "notice of levy." There is no pro-nouncement, however, to the effect that either was a valid or a sufficient

instrument, but there is a statement that "the defendant is wholly in default herein by reason of his failure to serve or file notice of appearance, demurrer, or answer herein as is provided by law." It is clear, therefore, that if the court had jurisdiction of the subject-matter in the Marshall Field & Company case such recitals render the judgment conclusive against collateral attack. See Baird v. Williston, 58 N. D. 478, 226 N. W. 608. As said in Erker v. Deichert, 57 N. D. 474, 222 N. W. 615, "these recitals as to jurisdictional facts . . . are deemed to import absolute verity unless contradicted by other portions of the record."

Defendant says these recitals are contradicted by other portions of the record, and refers to the affidavit for attachment. In view of our holding as to the necessity for strict compliance with the statute in filing notice of levy of attachment we need not consider whether the affidavit for attachment in this case complies strictly with the requirements of law.

It is claimed the levy was void, the specific defect being that in the notice of levy the sheriff did not state the amount of plaintiff's claim as required by sub-div. 1 of § 7547 of the Compiled Laws.

Jurisdiction of the subject-matter is indispensable to the validity of a judgment and if there be no such jurisdiction the judgment is void. Fauntleroy v. Lum, 210 U. S. 230, 52 L. ed. 1039, 28 S. Ct. 641; Sache v. Wallace (Sache v. Gillette) 101 Minn. 169, 11 L.R.A. (N.S.) 803, 118 Am. St. Rep. 612, 112 N. W. 386, 11 Ann. Cas. 348; 15 R. C. L. 844. The defendant says this lack of jurisdiction of the subject-matter is shown on the record of the pivotal case. If no jurisdiction be obtained by the attachment, then there was no jurisdiction over the defendant in the case, for it is admitted there was no personal service of the summons.

It is elementary that the court must obtain jurisdiction of the property of a nonresident defendant where personal service is lacking; for the court is without jurisdiction to render a judgment until there has been a lawful seizure of property owned by him and within the jurisdiction of the court. Mudge v. Steinhart, 78 Cal. 34, 12 Am. St. Rep. 17, 20 Pac. 147; 3 Cal. Jur. 465. This is the rule in this jurisdiction from early times. See Ireland v. Adair, 12 N. D. 29, 102 Am.

St. Rep. 561, 94 N. W. 766. Such judgment may be attacked collaterally, Duxbury v. Dahle, 78 Minn. 427, 79 Am. St. Rep. 408, 81 N. W. 198, and at any time one seeks to assert a right thereunder. Thornily v. Prentice, 121 Iowa, 89, 100 Am. St. Rep. 317, 96 N. W. 728. See also Spencer v. Spencer, 31 Ind. App. 321, 99 Am. St. Rep. 260, 67 N. E. 1021. There must be a lien of attachment upon the property before the court gets jurisdiction, and if the record in the Marshall Field & Company case show no lien was perfected the judgment is void on the face of the record.

Section 7547 of the Code says: "The lien of the attachment shall be effectual from the time when a levy is made in accordance" with the provisions of that section. This means there is no lien until these provisions have been complied with. See 2 R. C. L. 856, 857. This section says, in subd. 1, a levy under a warrant of attachment must be made "upon real property, by the sheriff filing with the register of deeds of the county, in which the property is situated, a notice of the attachment . . . , stating" among other things, "the amount of the plaintiff's claim as stated in the warrant." It is conceded the sheriff did not file such notice of levy. He filed a purported notice of levy but failed to state therein "the amount of the plaintiff's claim as stated in the warrant." Other statements are required to be set forth in this notice of levy. If the sheriff dispense with one requirement he may dispense with all. Plaintiff cannot invoke the principle that where official duty is required to be done the presumption is it has been performed. Another rule applies here. Where the sheriff makes a return, and by statute is required to set forth therein the acts which he performed, the presumption is that in this return he has stated all the acts done by him toward effecting a levy. Ireland v. Adair, 12 N. D. 29, 102 Am. St. Rep. 561, 94 N. W. 766, supra. This latter rule is invoked in cases where the jurisdiction of the court depends upon the acts of such official. It is true the recitals in the order for judgment and the judgment say a notice of levy was filed in the office of the register of deeds and this presupposes a judicial determination of its validity. If standing alone it would; but the sheriff's return is a part of that record and when this return contradicts the recital, the return controls. See Stubbs v. McGillis, 44 Colo. 138, 18 L.R.A.(N.S.) 405, 130 Am. St.

Rep. 116, 96 Pac. 1005. The record in this case sets at rest any dispute as to the extent of the return—that is, that papers may be lacking—for the testimony of the clerk is that the record introduced contained all of the papers in the Marshall Field & Company Case, and was the entire record.

The plaintiff cites us to 34 C. J. 521 and 2 R. C. L. 827, to show defendant's contention is a collateral attack upon the Marshall Field & Company judgment. The quotation from C. J. does not apply for this attack is not "an attempt to impeach the judgment by matters dehors the record." The attack is made because of what appears on the record. The rule set forth in 2 R. C. L. does not apply in this jurisdiction, if intended to mean the mere taking into possession as of personal property. The only way the sheriff attempted to take and could take the real property into possession was by filing the required notice of levy with the register of deeds and serving the warrant upon the occupant. The statutory provisions must be followed strictly. Ireland v. Adair, 12 N. D. 129, 102 Am. St. Rep. 561, 94 N. W. 766, supra.

Plaintiff cites Ballard v. Way, 34 Wash. 116, 101 Am. St. Rep. 993, 74 Pac. 1067; Rogers v. Miller, 13 Wash. 82, 52 Am. St. Rep. 20, 42 Pac. 526; Noerdlinger v. Huff, 31 Wash. 360, 72 Pac. 73; Belles v. Miller, 10 Wash. 259, 38 Pac. 1050; Shane v. Peoples, 25 N. D. 188, 141 N. W. 737; and Baird v. Williston, 58 N. D. 478, 226 N. W. 608. The Washington cases set forth the rule dealing with the weight to be given to recitals in the judgment. As the Washington court said in Rogers v. Miller, 13 Wash. 82, 52 Am. St. Rep. 20, 42 Pac. 526, supra, "Every fact not negatived by the record will be presumed in aid of the judgment and it will only be held void *when it affirmatively appears from the record that the court had no jurisdiction* to hear it;" and in Noerdlinger v. Huff, 31 Wash. 360, 72 Pac. 73, supra, "When the court rendering a judgment has jurisdiction of the subject-matter, and adjudges that jurisdiction has been properly acquired . . . when there *is nothing in the record to contradict* it, such adjudication is as conclusive as that upon any other question in the case, when collaterally attacked." This is the principle set forth, in the other Washington cases. Shane v. Peoples, 25 N. D. 188, 141 N. W. 737, supra, from this court, shows absence of jurisdiction must appear on the record to.

prevent the attack being collateral as does Baird v. Williston, 58 N. D. 478, 226 N. W. 608, supra. In this case we make no departure from this rule.

There is a difference between a case where the record is silent on a jurisdictional fact, except for the recitals, as in the Washington and North Dakota cases cited by plaintiff, and where the recital is contradicted by the record, as in this case.

It is commonplace that a levy under a warrant of attachment must be made in strict compliance with the requirements of the statute. In Walter v. Scofield, 167 Mo. 537, 67 S. W. 276, it was held that "the failure of an officer serving an attachment on land, in an action in which the defendant is only served by publication, to give notice of the levy to the tenant in actual possession of the land, and to recite the giving of such notice in his return as required" by the statutes of that state "defeated the jurisdiction of the court, and therefore, the sale of the property is void, and the purchaser and his grantees acquire no title." We held in Langer v. Nultemeier, 55 N. D. 132, 212 N. W. 817, that the failure of the sheriff to comply with the statutory requirements regarding notice of levy, when he was acting under an execution, rendered the levy void. The statute therein required the levy of an execution to be made in the same manner as the levy under a writ of attachment.

The plaintiff urges adverse possession, on the theory that one West, it appears, purchased the premises from defendant on contract for sale and purchase after the warrant of attachment was issued, and therefore West had notice of plaintiff's rights; citing Lusk v. Yankton, 40 S. D. 498, 168 N. W. 377, in support thereof. At the very best, even if West is to be considered herein (and he is not a party) the notice is simply as to the extent of plaintiff's title. If plaintiff has no title then adverse possession gives no information.

The record in the Marshall Field & Company Case showing on its face that no valid notice of levy was ever filed in the office of the register of deeds, the statutory requirements necessary to perfect the lien of attachment were not complied with; thus there was no perfected lien of attachment. There being no lien of attachment the court acquired no jurisdiction of the subject-matter in the action against a nonresident

where he was not served personally; and hence that judgment was void on its face, and the judgment of the lower court in this respect is correct.

But the judgment must be modified in one particular. It is conceded, and the court so found, that the plaintiff was in possession of the land under this sheriff's deed and paid taxes on said land on the assumption that he was the owner. These taxes amounted to $489.09. They were paid in good faith, and though the plaintiff has failed to prove his ownership, nevertheless having paid the taxes he succeeds to the lien of the county for such taxes. See Beyer v. Investors' Syndicate, 31 N. D. 247, 153 N. W. 476. In this case the defendant expresses a willingness to reimburse the plaintiff. Not having done so, however, the judgment of the lower court should be modified so as to give the plaintiff a lien upon this land for the amount of taxes with interest, and with this modification the judgment is affirmed, without costs to either party.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.